HUNT v. HOPKINS *et al., Appellants.*

1. **Pleading** : PETITION ON SPECIAL TAX BILL. A petition on a special tax-bill sufficiently complies with a provision in a city charter that "it shall be sufficient for plaintiff to plead the making and issue of the tax bill sued on, giving the dates and contents thereof," when it contains the substance of the bill; the bill need not be copied in the petition.

2. **Jurisdiction,** AS DETERMINED BY AGGREGATE AMOUNT OF CLAIMS SUED ON. When the jurisdiction of the court depends upon the

amount in controversy, and the petition contains separate counts upon numerous special tax bills, the aggregate amount of all the bills is the test for determining the question of jurisdiction.

*Appeal from Jackson Special Law and Equity Court*—HON. R. E. COWAN, Judge.

*James F. Mister* for appellant.

1. The tax bill is no part of the petition, and the court in determining the sufficiency of the petition, must look alone to the petition. It should purport to give the contents of the tax-bill, but this it does not do. Sess. Acts of 1872, Sec. 25, pp. 408, 413.

2. Circuit courts have no original jurisdiction to try cases cognizable before justices of the peace; except where provision is made for concurrent jurisdiction. *Stamps v. Bridwell*, 57 Mo. 22; *Dillard v. St. L. K. C. & N. R. R. Co.*, 58 Mo. 69. Justices of the peace and the city recorder have jurisdiction where suit is brought on a tax-bill not exceeding three hundred dollars. Sess. Acts of 1872, pp. 410, 411. There is no provision in the charter giving circuit courts concurrent jurisdiction. By the general law concurrent jurisdiction is given to circuit courts and justices of the peace in cases of contract, where the amount exceeds fifty dollars, but not in cases below that sum. Wag. Stat., 1870, Sec. 2, p. 431. But tax-bills are not contracts. *City of Camden v. Allen*, 2 Dutch. (N. J.,) 398; *Pierce v. Boston*, 3. Met. 520; *Lane County v. Oregon*, 7 Wallace 80; 1 Black. Com., p. 475; Parsons on Cont., Vol. 1 p. 7. The charter provides that the judgment on each tax-bill shall be special. Sess. Acts 1872, Sec. 25, p. 408 to 413.

*William E. Sheffield* for respondent.

1. The petition alleges the performance of every act required of the city engineer in order to make the tax-bill and allegations of every statement, and more than the tax-

bill is required to contain. *City of St. Louis v. Coons*, 37 Mo. 44.

2.   Even if it be held that the charter, giving jurisdiction to justices of the peace and the city recorder in cases where the tax-bills do not exceed $300.00, takes away the jurisdiction of the circuit court in such a case; yet, as the charter also authorizes the joining of any number of tax-bills in one suit where they are against different lots owned by the same persons, the objection on the ground of jurisdiction in the case at bar is not valid.   Sess. Acts of 1874, p. 323.   This court has decided that the aggregate amount in all the counts determines the question of jurisdiction. (Citing cases referred to by the court).

NORTON, J.—This suit was instituted in the special law and equity court of Jackson county, and is founded on forty-two separate tax-bills. The petition contains forty-two separate counts, forty of them based on tax-bills under the sum of $50, one on a tax-bill for $54, and one on a tax-bill for $173.84, the whole aggregating the sum of about $1,500.

Upon the trial plaintiff offered in evidence the various tax-bills on which the various counts of the petition were founded, to which defendants objected, on the grounds that the petition did not state a cause of action, and that the court had no jurisdiction to try the case.   The objections were overruled, the evidence admitted, and judgment rendered for plaintiff, from which defendants, after making an ineffectual motion for a new trial, have appealed to this court, and urge as a reason for the reversal of the judgment the action of the court in overruling their objections to the admission of the tax-bills in evidence.   As the objections go to the sufficiency of the petition, we copy the first count, the remainder of them being in all respects like it, except as to the amounts claimed to be due.   It is as follows:   "Plaintiff states that, on the 20th day of June, 1873, the tax-bill hereto annexed, marked 1, was duly

made and issued by the engineer of the City of Kansas, to one Nathaniel Grant, who was the contractor with the said city for grading Campbell street from the outer line of Eighth street to the south line of Independence avenue, exclusive of grading sidewalks thereon, and after the completion of said contract; that said grading was done by virtue of an ordinance of said city, entitled an ordinance to grade a part of Campbell street, approved November 21st, 1872, and was to be paid for in tax-bills; that after the completion of said work, said engineer computed the cost of the same, and apportioned it among the several lots or parcels of land charged therewith, according to the assessed value thereof, said assessment having been made according to law by the assessor of said city; that the said tax-bill is against, and a lien on and upon the following real estate in Jackson county, Missouri, to-wit: Lot number nine, in block two, of Ransom & Hopkins' addition to the City of Kansas, in Kaw township, and which is owned and claimed by defendants, and is within the limits of the property liable to be assessed for said work, and is chargeable for the said grading; that said land has been and is charged by said tax-bill with $39.25, the proper share of said cost; that the work completed, consisted of 11,197 cubic yards of earthwork and furnishing materials therefor, making a total cost of $2,631.32, and the above described property is charged as aforesaid with $\frac{250}{10760}$ parts of said total cost; that the said tax-bill bears fifteen per cent. interest from date of issue if not paid in thirty days after issue; that the said tax-bill is wholly due, and was duly assigned by said Grant on the 15th day of June, 1874, to plaintiff, who is the owner thereof, and is unpaid. Wherefore plaintiff demands special judgment for the same so due, and interest, to be enforced according to law."

The defendant, on the trial, objected to the introduction of the tax-bills in evidence on the ground that the petition did not state a cause of action in this, that it did not recite nor allege the contents of the tax-bills, and on the

further ground that forty of the counts being founded on tax-bills less than $50 each, the court had no jurisdiction to try the case

We can perceive no error in the action of the court in overruling the objection, and receiving the tax-bills in evidence. It is provided in the Session Acts of 1872, Sec. 25, p. 408, that such tax-bills " in any action thereon, shall be received as *prima facie* evidence of the validity of the bill, of the doing of the work, of the furnishing of the materials, and the liability of the property to the charge stated in the bill." It further provides that it "shall be sufficient for plaintiff to plead the making and the issue of the tax-bill sued on, giving the dates and contents thereof, and assignment thereof, in case of assignment." Under this provision of the amended charter, it is not necessary for the pleader to copy the tax-bill in his petition, it is only nesessary that the substance of it should be stated. The petition in this case, we think sufficiently complies with the provision of the charter above quoted. The date and amount of the bill, together with the description of the lot against which it is a charge, together with the circumstances out of which they grew, are all set out with particularity. The contents of each tax-bill is stated in such manner as to notify defendant beyond question of the purpose of the suit, quite as much so as if the bill had been copied in the petition *in haec verba*.

We think that the case of *Smith et al. v. Clark County,* 54 Mo. 58, is conclusive of the question of jurisdiction raised by defendant. In that case the petition contained seven counts, each count was founded on a coupon for $35, which was a sum below the jurisdiction of the circuit court, and it was held that the jurisdiction of the court was determined by the aggregate amount claimed in the petition. So in the case of *Fickle v. St. Louis, Kansas City & Northern R. R. Co.,* 54 Mo. 225, it was held that when the aggregate amount claimed in a petition brought the cause within the

*1. PLEADING: petition on special tax bill.*

*2. JURISDICTION, as determined by aggregate amount of claims sued on.*

jurisdiction of the court it was sufficient to confer jurisdiction. Although in the case at bar forty of the counts are based on tax-bills each for less than $50, yet as the aggregate amount claimed in the petition is $1,500, the trial court under the principle of the cases above cited, had jurisdiction to try and determine the case. Judgment affirmed, in which the other judges concur.

AFFIRMED.