RICHARD E. TURNER, Appellant, v. BERNARD PATTON, Respondent.

Kansas City Court of Appeals, November 6, 1893.

**Pleading**: SPECIAL TAX BILL: SUFFICIENCY OF PETITION.—A petition on a special tax bill, which alleges the making of the bill, its contents with dates thereof, its assignment, its filing and that defendant owns the lot described therein is sufficient.

*Appeal from the Buchanan Circuit Court.*

REVERSED AND REMANDED.

*Huston & Parrish*, for appellant.

The statute provides what the petition shall contain. Revised Statutes, 1879, sec. 4784, p. 955. The petition and each count thereof states—(1) The making and delivery of the tax bill. (2) The tax bill is copied in full in each count, giving date and contents thereof. (3) Assignment. (4) Filing of the same with the petition. (5) That defendant owns the lot described and against which the lien is sought to be enforced. This was sufficient, and stated a cause of action, and the court erred in sustaining the demurrer, and in rendering judgment thereon against the plaintiff, and the cause should be reversed. *Adkins v. Railroad*, 36 Mo. 632-651; *Hunt v. Hopkins*, 66 Mo. 98-102.

*Joseph P. Grubb*, for respondent.

SMITH, P. J.—This is a suit founded on two separate tax bills—one for grading a street under the provisions of section 1406, Revised Statutes, and the other for grading sidewalks under the provisions of section 1405, Revised Statutes.

The petition contained two counts, in each of which is alleged: (1) the making of the tax bill, (2) the contents in the tax bill with the dates thereof, (3) the assignment, (4) the filing of the same, and (5) that the defendant owns the lot described and against which the lien is sought to be enforced.

The defendant in the circuit court interposed a demurrer to the petition on the ground that neither count thereof stated facts sufficient to constitute a cause of action, which was by the court sustained and judgment given accordingly, and from which the plaintiff has appealed.

The defendant has not favored us with a brief. Our attention has not been called to any specifie objection to the petition. It seems to us that under the provisions of section 1407, Revised Statutes, it is sufficient. As far as we can discover, it meets every requirement of that section. *Hunt v. Hopkins*, 66 Mo. 98.

It results that the judgment of the circuit court must be reversed and the cause remanded. All concur.