CLAUS VIETHS, Respondent, v. THE PLANET PROPERTY AND FINANCIAL COMPANY *et al.*, Appellants.

St. Louis Court of Appeals, December 24, 1895.

1. **Special Taxes:** AMENDMENT OF TAX BILL. A special tax bill, whether void, voidable, or merely imperfect, as issued, may be amended within the time limited for its enforcement.

2. ———: PLEADING. In a suit upon a special tax bill and against parties named in it as owners, it is sufficient for the plaintiff in the first instance to set forth its provisions, and allege that it was issued to him by the municipal officers, duly authorized to do so, and that the defendants so named are the owners of the land sought to be charged. These defendants must plead specially any fact relied upon to defeat the legality or extent of the charge, as that the work was not properly authorized or that it was imperfectly executed; a general denial on their part will put in issue only the essential allegations of the petition.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*T. J. Rowe* for appellants.

(1) Plaintiffs failed to make a *prima facie* case. *Stadler v. Roth*, 59 Mo. 403; *Kefferstein v. Knox*, 56 Mo. 186. (2) The court erred in excluding legal and competent evidence offered by the defendants.

*Leonard Wilcox* for respondent.

(1) The answer of appellants, except as to the admission of ownership, was merely a general denial, and this put in issue and permitted a trial only of the allegations of the petition that the tax bill was made out by the president of the board of public improvements and countersigned by the comptroller and delivered to plaintiff, and did not permit a trial of any of the issues presented on this appeal. *Hudson v. Railway*, 101 Mo. 30; *Lucas v. McCann*, 50 Mo. App. 641; *Guinnotte v. Ridge*, 46 Mo. App. 254, 262; *Hardwick v. Cox*, 50 Mo. App. 512; *Wolfort v. St. Louis*, 115 Mo. 144; *Keith v. Bingham*, 100 Mo. 307; St. Louis Charter, art. 6, sec. 25, R. S. 1889, p. 2125; *Galbreath v. Newton*, 45 Mo. App. 318. (2) As regards appellants Devoy and Clara P. Bobb, the tax bill in question would have made a *prima facie* case against them as well as the Planet Company, even if their names had not been inserted in the same. *Keating v. Craig*, 73 Mo. 507, 509; *St. Louis v. Bernoudy*, 43 Mo. 552; *St. Louis v. DeNoue*, 44 Mo. 138. (3) The *prima facie* character of the tax bill sued on has never been affected or destroyed. The alleged act of Pasquier, on the assumption that it was unauthorized, was the act of a stranger, and was not an alteration but spoliation. *Medlin v. Platt*, 8 Mo. 239; *Lubering v. Kolbrecher*, 22 Mo. 596; *State ex rel. v. Berg*, 50 Ind. 505, 506. The mere addition of a name to the one originally inserted

in the bill, even when done by an unauthorized person, does not destroy its evidential quality as against the party originally named. *St. Louis v. DeNoue*, 44 Mo. 139, 140; *St. Louis v. Bernoudy*, 43 Mo. 552. The alleged act of Pasquier was a nullity, which in no way affected or changed the rights of appellants. *City of Kansas v. Railroad*, 77 Mo. 186; Charter, R. S. 1889, pp. 2124, 2125, secs. 24, 25; Laws, 1869, 1870, p. 481, sec. 14; *Williams v. Jansen*, 75 Mo. 681; *St. Louis v. Bernoudy*, 43 Mo. 555; *St. Louis v. DeNoue*, 44 Mo. 139, 140; *Galbreath v. Newton*, 45 Mo. App. 323; *Keating v. Craig*, 73 Mo. 507, 509. The act of the president of the board of public improvements and of the comptroller in certifying and countersigning anew the tax bill was lawful. *Galbreath v. Newton*, 45 Mo. App. 317, 318; *Morley v. Weakley*, 86 Mo. 455.

ROMBAUER, P. J.—This is a suit upon a special tax bill for alley paving. The trial resulted in a judgment for plaintiff, from which all the defendants appeal, assigning for error that the plaintiff failed to make out a *prima facie* case, and that the court excluded legal and competent evidence offered by them.

The improved alley is in the city of St. Louis. The charter of that city provides that this class of work shall be paid for in special tax bills made out by the president of the board of public improvements, registered by him in his office in full, and registered and countersigned by the city comptroller. The charter further provides that "such certified bill shall in all cases be *prima facie* evidence that the work and material charged in such bill shall have been furnished, and of the execution of the work and of the correctness of the rates or prices, amount thereof, *and of the liability of the person therein named as the owner of the land charged with such bill to pay the same*. Provided that

VOL. 64 app—14

nothing in this section shall be so construed as to prevent the party charged with the payment of said bill *from pleading*, in reduction of the amount of same, that the work therein mentioned was not done in a good and workmanlike manner."

The meaning of this provision seems to be very plain. Its italicized portion was originally inserted, because the law provided for the *personal liability* of the owner. Such liability was once upheld by the courts (*St. Louis v. Clemens*, 36 Mo. 467), but subsequently denied on the ground of its unconstitutionality. *Neenan v. Smith*, 50 Mo. 525; *St. Louis v. Allen*, 53 Mo. 44. These latter decisions, as was said in *Stadler v. Roth*, 59 Mo. 400-402, have in a measure destroyed the consistency of the entire provision, but have still left the tax bills as *prima facie* evidence of the other facts recited therein. It was there held that the entire omission of the name of the owner from the bill did not vitiate it, as the bill was a proceeding *in rem* against the lot, and any party might be sued thereon who was shown upon the trial to have an interest in the property. Such also was the ruling in *St. Louis v. DeNoue*, 44 Mo. 137. The only logical deduction which can be made from these decisions is that, while a special tax bill might be enforced against the lot by making any person a defendant in the suit who has an interest in the property, even if he is not named as owner of the property therein, yet as to the owners not thus named the tax bill is not *prima facie* evidence of liability, but only a link in the chain of evidence necessary to establish the validity of the charge against the lot.

The tax bill in the case at bar was originally issued against the lot, naming as its owner the Planet Property and Financial Company alone. Subsequently the tax bill was amended by the addition by one Pasquier, the special tax clerk in the office of the president of the

board of public improvements, of the names of the other defendants as owners. As thus amended it was re-executed by the president of the board, and comptroller, and re-registered in their respective offices. The defendant claimed, upon such showing, that the tax bill ceased to be *prima facie* evidence for any purpose. This contention is wholly untenable. It was the duty of the city officials to issue to the plaintiff a regular and complete tax bill, and until such duty was fully performed their right of amendment within the period of limitation remained, regardless as to whether the tax bill originally issued was void or voidable, or merely imperfect in some respect. *Eyermann v. Blakesley*, 13 Mo. App. 407; *Eyermann v. Scollay*, 16 Mo. App. 498; *Kiley v. Cranor*, 51 Mo. 541; *Galbreath v. Newton*, 45 Mo. App. 312. The trial court, therefore, was right in deciding that the plaintiff made out a *prima facie* case against all the defendants by offering in evidence the tax bill thus amended.

In suing upon a special tax bill parties who are named in it as owners, it is sufficient for the plaintiff to allege *in the first instance* that the officers of the municipality, duly authorized so to do, have issued to him the special tax bill on which he sues, setting out its provisions, and stating that the defendants named therein are the owners of the lot sought to be charged. We have intimated this repeatedly, and the Kansas City court of appeals has decided it expressly. *Duncan v. Kirtley*, 54 Mo. App. 655. The suit is one upon the tax bill, and not for work and labor done. If the owners *thus named* want to show either the imperfect execution of the work, or that the doing thereof was not properly authorized, or any other fact which goes to the legality or extent of the charge, they can not do so by pleading the general issue, as was done in this case. The facts constituting such defense should be specially

set out in the answer, so as to advise the plaintiff what he will be required to meet. A general denial puts in issue only such facts as are included in the allegations necessary to the support of the plaintiff's case. It is for this reason we can not put the trial court in the wrong for ruling out the evidence offered by the defendants. A further and equally cogent reason is that it nowhere appears either what the evidence thus offered was, or what facts the defendants intended to prove thereby; for neither the evidence nor any offer of proof is contained in the record.

All the judges concurring, the judgment is affirmed.