CITY OF CARTHAGE *ex rel.* CARTHAGE NATIONAL BANK, Respondent, v. JAMES BADGLEY, Appellant.

Kansas City Court of Appeals, January 10, 1898.

1. Third Class Cities: SPECIAL TAX BILLS : PLEADING: PETITION.  An assignee in a special tax bill issued by a city of the third class in his petition need only allege the making of the bill, the contents thereof with dates, the assignment, the filing of the same, and that defendant owns the lot against which the lien is sought.

2. ———— : ———— : ————. : ANSWER.  If the lot owner desires to show imperfect execution or improper authorization of the work he must specifically plead facts in his answer and can not rely on a general denial.

3. ———— : ———— : ————. : PETITION.  Where the plaintiff makes additional allegations to those required, stating facts which show an improper authorization of the work, such petition becomes demurrable.

4. ———— : ————. : NOTICE FOR GRADING : RESOLUTION OF COUNCIL : PETITION.  Where a city of the third class wishes to charge for grading the street in a special tax bill along with its paving and other improvement, it must by resolution declare the general revenue of the city does not warrant such expenditure for grading and give notice of the same; and such failure to so declare by resolution will render the tax bill void, and a petition showing such failure is demurrable.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

REVERSED AND REMANDED (*with directions*).

*Warren Woodward* and *E. J. Montague* for appellant.

The petition is fatally defective in not averring that at the inception of the proceedings the fact existed, "in the opinion or judgment of the city council, that the general revenue fund of the city is (was) not in a condition to warrant an expenditure therefrom for bringing the street to the established grade." Sess. Acts 1893, p. 92, sec. 106.

*Howard Gray* for respondent.

(1)    The petition in this case, instead of not stating enough, states much more than is necessary in actions of this kind. *Bank v. Wright & Trustees*, 68 Mo. App. 144; *Lucas v. McCann*, 50 Mo. App. 638. (2)    There was no demurrer filed to the petition, and if the same is sufficient to support the judgment on the tax bill, it is good against an objection made at the trial. *Young v. Iron Co.*, 103 Mo. 324; *Weaver v. Harlan*, 48 Mo. App. 319.

SMITH, P. J.—This is a suit on a special tax bill. Neither the tax bill sued on nor any other part of the evidence is presented by the abstract of the record before us, and for that reason our review of the case must be restricted to an examination alone of the petition which the defendant assails on the ground that it fails to state a sufficient cause of action.

The city of Carthage is one of the third class. It is provided in the ninth subdivision of section 108 of the act in relation to cities of the third class, approved March 19, 1893 (Sess. Acts 1893, p. 91), that special tax bills shall, in any action thereon, be *prima facie* evidence of the regularity of the proceedings for such

THIRD class cities: special tax bill: pleading: petition.

special assessment, of the validity of the bill, of the doing of the work and of the furnishing of the materials charged for, and of the liability of the property to the charge stated in the bill.

Where a tax bill has been assigned, as here, it has been ruled that in action thereon under the provisions of section 1407, Revised Statutes, which is quite similar to that just quoted, a petition was sufficient which alleged, *first*, the making of the tax bill; *second*, the contents of such tax bill with dates thereof; *third*, the assignment; *fourth*, the filing of the same, and *fifth*, that the defendant owned the lot described and against which the lien was sought to be enforced. *Duncan v. Kertley*, 54 Mo. App. 654. And a like ruling was made in *Hunt v. Hopkins*, 66 Mo. 98, and in *Vieths v. Planet Co.*, 64 Mo. App. 207.

If the owner of the lot thus named desires to show either the imperfect execution of the work, or that the doing thereof was not properly authorized, or any other fact which goes to the legality or extent of the charge, he can not do so by pleading the general issue, as was done in this case, but he must specially plead the facts constituting such defense in his answer, so as to notify the plaintiff of the grounds upon which he relies to defeat the enforcement of the tax bill. *Vieth v. Planet Co., ante.*

The petition in the present case substantially meets the requirements of the rule already referred to and is in so far sufficient, but the pleader was not content with making these allegations, but he went further and inserted others therein, which, as has been seen, were not required to complete the statement of his cause of action. Since these allegations were inserted, we can not pass them by unnoticed if they state any fact which shows that the work for which the tax bill was issued

was improperly authorized, or which goes to the legality or extent of the charge.

The second subdivision of section 108 of the act of April 19, 1893, previously referred to, empowers cities. of the third class to open and improve streets and establish grades therefor. The third subdivision of said section provides that the bringing of streets to grade may be paid out of the general revenue of the city or by an assessment made therefor on all the property within the limits of the city in any one year. The seventh subdivision of said section further provides that assessments for making or repairing sidewalks, or for curbing, paving, macadamizing, guttering all streets, etc., shall be known as special assessments and shall be levied and collected as a special tax, and a special tax bill shall issue therefor which shall be a lien against the lot therein described.

In section 109 of said act it is further provided that the city council may, by ordinance, include in the special assessment the cost of bringing to the established grade any street or part thereof proposed to be improved as in the said act provided, when *in its judgment the general revenue fund of the city is not in a condition to warrant the expenditure therefrom for bringing the same to the established grade;* provided, that the resolution declaring such work necessary to be done be published in some newspaper published in the city, and shall, in addition to the other work of improvement therein provided for, include and describe the work of bringing such street to the established grade. In all such cases, where the work authorized by virtue of such a resolution and contracted for in pursuance thereof, the bringing to grade as above described shall be included in the same contract with the other work provided therein and the tax bills shall be issued in pay-

——: ——: notice
for grading:
resolution of
council: peti-
tion.

ment for all of said work as may be provided by ordinance. The several sections of the act of April 19, 1893, just referred to, are but substantial repetitions of sections 1495, 1496, 1498 and 1501, Revised Statutes.

It is thus seen that in cities of the third class the council has power conferred by their charter to bring their streets to grade and to pay for the cost thereof in two ways. The first is exclusive unless, in the judgment of the council, the general revenue fund is in such condition as not to warrant the expenditure for such street grading, in which case the cost thereof may be included by ordinance in a special assessment and paid for by the issue of tax bills. And until the city council shall so adjudge, it is without power to include by ordinance the cost of bringing a street to grade on a special assessment. This is a condition precedent to the exercise of the power conferred on the city council by section 109 already referred to.

It appears from the plaintiff's petition that the city council, by resolution, ordered a certain street to be brought to the established grade, and that publication thereof be made in a newspaper. It further appears from the allegations of said petition that the city council, by an ordinance, included the cost of such street grading in a special assessment. But the fact is not directly or inferentially alleged anywhere in the petition that the council had, before the passage of either the said resolution or the ordinance, by resolution or otherwise, declared that in its judgment the general revenue fund of the city was not in a condition to warrant an expenditure therefrom for bringing said street to grade. Until this expression of judgment was appropriately made by the city council, it was without the requisite power by ordinance to include the cost of the grading in a special assessment and to issue special tax bills against the abutting lots therefor.

It sufficiently appears from the allegations of the petition that the proceedings of the city council under which the tax bill in suit was issued was without authority and it must therefore needs follow that the tax bill itself is void and can not be enforced against the defendant's property.

The judgment will be reversed and the cause remanded with directions to the circuit court to allow the plaintiff leave to amend his petition if he elects to do so.   All concur.