GEORGE D. HULING, Appellant, v. BANDERA FLAG STONE COMPANY, Respondent.

Kansas City Court of Appeals, March 4, 1901.

1. **Tax Bills: VALIDITY OF ORDINANCE: BILL IN EQUITY: APPELLATE PRACTICE.** A party will not be permitted to try a cause in the appellate court upon a theory different from that on which he tried it in the lower court, nor will he be permitted in such court to raise and try a new issue; so where a bill in equity to set aside certain tax bills fails to allege, as a ground for their invalidity a delegation by the ordinance of certain legislative powers to the city engineer, such question can not first be sprung and raised in the appellate court.

2. **————: KANSAS CITY CHARTER: SIDEWALKS: REMONSTRANCE.** The charter of Kansas City in no way restricts the power of the common council to provide by ordinance for the construction of sidewalks, and the owners of the majority of the front feet can not veto the action of the council in that regard.

3. **EIGHT-HOUR ORDINANCE: PLEADING: APPELLATE PRACTICE.** A tax bill is prima facie evidence of its own validity of the work done, etc., and the liability of the property to the charge stated therein, and the property-owner in a bill in equity to set aside such tax bills, must allege and prove every fact going to the legality of such bills, and where the effect of an eight-hour ordinance on such bills is alleged, it must be specifically stated how it affects such bills, and where the record fails to show that the trial court considered any such ground, the appellate court will presume that the lower court only considered the issues raised by the pleadings.

Huling v. Bandera Flag Stone Company.

4. ———: SIDEWALKS: SELECTING MATERIALS: CHARTER. The charter of Kansas City requires the common council to prescribe the materials for the construction of sidewalks, and an ordinance prescribing such material is therefore valid, especially, when it repeals all ordinances in conflict with it and when an ordinance permitting the abutting property-owner to select the material was repealed before the contract to build the sidewalk was let.

5. ———: BILL IN EQUITY: LACHES. Where a property-owner knows of the passage of an ordinance providing for a sidewalk in front of his property and does not move until after the contract is let and the work completed, and his property has without any expense received the benefit, he has slight claim to a hearing in a court of equity.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Albert Young* for appellant.

(1) The ordinance under which the sidewalk in question was constructed is void for the reason that the common council delegated to the city engineer the sole power to determine the width and location of the sidewalks. Kansas City Charter (1898), sec. 2, p. 137; Ordinance of Kansas City, No. 9002; Ruggles v. Collier, 43 Mo. 353, 395; Thomas v. Boonville, 61 Mo. 282; Matthews v. Alexandria, 68 Mo. 115; City of St. Joseph v. Wilshire, 47 Mo. App. 125, 131; Neil v. Gates, 152 Mo. 585; McQuiddy v. Brannock, 70 Mo. App. 535; Construction Co. v. Loevy, 64 Mo. App. 430, 434; Thompson v. Schermerhorn, 9 Barb. 152; Phelps v. The Mayor, etc., 67 N. Y. 216; Birdsall v. Clark, 73 N. Y. 73; Holden v. City of Chicago, 172 Ill. 263; McChesney v. City of Chicago, 171 Ill. 253; City of Kankakee v. Potter, 119 Ill. 324; City of Alton v. Middleton, 158 Ill. 442. (2) Under the provisions

of section 2, article 9, of the amended charter of Kansas City, the common council's power to order the construction of sidewalks, and create a charge upon plaintiff's property, ceased upon the filing of the protest of the owners of a majority of front feet of property on West Seventeenth street, from Broadway to Penn. Charter and Revised Ordinance of Kansas City, 1898, art. 9, p. 136, 137; 2 Dillon's Mun. Corp. (4 Ed.), sec. 780 (n.); Morse v. City of Westport, 110 Mo. 502; In re Philips, 60 N. Y. 22; In re Burmeister, 76 N. Y. 174. (3) The tax bills are void for the reason that the contract for the work executed by the defendant and Kansas City contained the clause relating to an eight-hour day. Ex Parte Kubach, 85 Cal. 174; Ritche v. People, 155 Ill. 98; Low v. Rees Print Co., 41 Neb. 127; Adams v. Chicago, 177 Ill. 194; State v. Loomis, 115 Mo. 307; State v. Julow, 129 Mo. 163, 175; State ex rel. Bramley v. Norton, 5 N. P. (O.) 183; Frame v. Felex, 167 Pa. St. 47; s. c., 31 At. Rep. 375. By reasons of the foregoing ordinance and defendant's contract as to eight-hours-a-day work, the work was not let to the "lowest and best bidder." Kansas City Charter, sec. 12, p. 234; Adams v. Chicago, 177 Ill. 194; State ex. Bramley v. Norton, 5 Ohio (N. P.) 184; 1 (Same) General Digest, p. 52; Alemeda Co. v. Pringle, 62 Pac. 394; Brown v. Jenks, 98 Cal. 12. (5) The tax bills are void for the reason that plaintiff was denied the right to select the kind of material for the sidewalks as provided by ordinance of Kansas City, number 6337. Leach v. Cargill, 60 Mo. 316; City of Westport to use v. Smith, 68 Mo. App. 63.

*Jere T. Dew* for respondent.

(1) Appellant's first point is that this ordinance, number 9002, under which these improvements were made, and the tax

bills therefor issued, is void, because section three of said ordinance provides that "The width of the sidewalks shall be not less than six feet, laid so that the outer edge shall be as determined by the city engineer." There is no such issue raised by the pleadings, and it was not touched upon at the trial below. City Charter, art. 9, sec. 1, p. 136. He will not be permitted to raise it for the first time in this appellate court, and try here a different case than the one tried in the court below, nor to try the same case upon a different theory. Tomlinson v. Ellison, 104 Mo. 112; Walker v. Owen, 79 Mo. 563; Holmann v. Lange, 143 Mo. 104; Charter, art. 9, sec. 18, p. 154. (2) This ordinance, considered as a whole, not garbled, is sufficiently specific. Gallaher v. Smith, 55 Mo. App. 121; City of St. Joseph v. Anthony, 30 Mo. 542; Sheehan v. Owen, 82 Mo. 460; Cole v. Skrainka, 105 Mo. 306, 311; Paving Co. v. Ullman, 137 Mo. 543; City of St. Joseph v. Owen, 110 Mo. 455; Sheehan v. Gleeson, 46 Mo. 100; Roth v. Hax, 68 Mo. App. 283; Allen v. Rogers, 20 Mo. App. 293, 296; Verdin v. City of St. Louis, 131 Mo. 27. (3) Appellant, for his second point, contends that the city council had no power "to order the construction of sidewalks and create a charge" on his property after his filing with the city clerk the notice to the contractor, in the nature of a protest, etc. The city council had power to pass this ordinance without petition and regardless of protest. The provisions of the charter, appellant relies on, do not apply to construction of sidewalks. City of Marionville v. Henson, 65 Mo. App. 397. (4) These tax bills are not void because the contract contained a stipulation that the contractor will comply with the provisions of general ordinance number 1473, and "will not require laborers employed by him on such work to labor more than eight hours per day." This ordinance (1473) undertakes nothing more than to define a day's labor. Every law is presumed to be constitutional, how-

ever repugnant to the Constitution.    It must be received and obeyed as law until set aside by the courts.    State v. Douglass, 50 Mo. 593; Deal v. Mississippi Co., 107 Mo. 464; Railroad v. Shambaugh, 106 Mo. 557.    This stipulation in the contract is an agreement to observe and comply with the law—it is not an agreement to violate the law.    And the constitutionality of this ordinance (1473—eight-hour law), can not be attacked in this collateral way.    State v. Rich, 20 Mo. 393; State v. Leonard, 22 Mo. 449; State v. York, 22 Mo. 462; State v. Wiley, 109 Mo. 439; State v. Addington, 77 Mo. 110.    (5) Moreover, it is not sufficient simply to allege in the petition that the contract contained such a stipulation.    The plaintiff must allege and show how, if at all, he is prejudiced by it; but he does not aver here that he is in any way prejudiced or injured by it.    The burden is on him who attacks the law, even if he might do it in a collateral proceeding, to make the necessary allegations and prove them.    State v. Ranson, 73 Mo. 78; State v. Laughlin, 75 Mo. 147; State v. Addington, 77 Mo. 110.

SMITH, P. J.—This is a suit in equity the object of which was to obtain a decree enjoining the defendant from prosecuting an action at law on certain tax bills; and to declare the same void and not to be a lien on certain real property of the defendant.

The petition alleged that in October, 1897, the common council of Kansas City passed an ordinance (number 9002) providing for the construction of natural stone sidewalks on both sides of Seventeenth street between Broadway and Pennsylvania avenue; that in said ordinance it was declared that the common council found and declared that the work therein authorized had not been petitioned for; that the contract for

Vol 87 app—23

the doing of said work should be let to the lowest bidder after due notice as provided by the ordinance of the said city; that the payment for said work should be in special tax bills issued by the board of public works; that in pursuance of the provisions of said ordinance the said board of public work let said contract for doing said work to the defendant and subsequently, when the said work was completed, issued to it certain tax bills—describing them—purporting to be a lien on certain real property of plaintiff—describing it.

Further along, we shall have occasion to again recur to the provisions of said ordinance and also to notice the provisions of the other ordinances referred to in the plaintiff's petition.

I.   The plaintiff insists that the decree of the trial court, which was against him, ought to be reversed on several grounds; and amongst which, the first assigned is, that the third section of said ordinance number 9002, which provides that "the width of the sidewalk shall not be less than six feet, laid so that the outer edge shall be as determined by the city engineer," is void since it delegates to the city engineer the sole power to determine the width and location of the said sidewalks.   It is contended by plaintiff that said city under section 2, article 9 of its charter is empowered to improve its sidewalks "at such time and to such extent, of such dimensions and with such materials and in such manner and under such regulations as shall be provided by ordinance," and that this power was not subject to delegation by the said city to the city engineer as was undertaken by it in passing the said third section of said ordinance.   It is not contended by the plaintiff, as we understand it, that there was a lack of power in the said city to pass an ordinance providing for the construction of said sidewalks, but rather that this power was not sufficiently exercised by it in the passage of the ordinance containing the sec-

tion now in question.

As to whether or not the said tax bills, issued for the sidewalks authorized and constructed under said ordinance, are invalid on account of the power conferred by the said third section on the city engineer, is a question which the defendant suggests was not raised by the pleadings, nor passed upon by the trial court, and that it can not therefore be considered here. Reverting to the petition, we fail to find any allegation therein assailing the validity of said tax bills on the ground that the said third section of said ordinance is void for any reason. The said section is nowhere pleaded or alluded to in any of the allegations of the said petition, nor is the invalidity thereof anywhere alleged or made the basis of any claim for equitable relief.    No such issue was tendered or submitted to the court for its determination by the pleadings.    An examination of the pleadings will disclose without doubt that the interference of the trial court was not invoked upon any such ground as that now urged.

It is true that said ordinance in its entirety was introduced in evidence to sustain other issues raised by the pleadings, but this did not have the effect of raising or introducing into the case the unpleaded issue plaintiff now urges upon our attention.    It is clear that plaintiff is now urging upon our consideration an issue not raised by the pleadings and not tried in the court below.    It is the well-settled rule of practice that a party will not be permitted to try a case in the appellate courts upon a theory different from that upon which it was tried in the lower court.    He must stand or fall upon the theory on which the case was tried in that court.    Nor will he be permitted in the appellate court to raise for the first time and try there an issue different from that tried in the lower court.    Tomlinson v. Ellison, 104 Mo. 112; Holmann v. Lange, 143 Mo. 104; Walker v. Owen, 79 Mo. 563; Whet-

stone v. Shaw, 70 Mo. 575.   It is therefore seen that since this question was not raised or passed upon by the trial court that we are not authorized to review or pass upon it here.

II.   Section 2, article 9 of the amended charter of Kansas City provides:   "The city shall have power to cause to be graded, regraded, constructed, reconstructed, paved, repaved, blocked, reblocked, graveled, regraveled, macadamized, remacadamized, curbed, recurbed, guttered, reguttered or otherwise, improved or repaired, all streets, alleys, sidewalks, avenues, public highways and parts thereof, and to construct and reconstruct sidewalks and to sod and plant trees along the side or sides thereof, to be paid for in like manner as such sidewalks are paid for or as part of the costs and expenses of the construction or reconstruction of such sidewalks, within the city at such time and to such extent, of such dimensions and with such materials and in such manner and under such regulation as may be provided by ordinance and to pay therefor, out of the general funds or by issuing special tax bills as herein mentioned; provided, that whenever the common council shall deem it necessary to pave, repave, block, reblock, gravel, regravel, macadamize or remacadamize any street, alley, avenue, public highway or part thereof, within the limits of the city, and payment for such work and improvement is to be made in special tax bills, the common council shall, by resolution, declare such work or improvement to be necessary, stating the kind of material proposed to be used, and such resolution, or the substance thereof shall be published for ten days (Sundays included) in the newspaper doing the city printing, and unless the resident owners of the city who own a majority in front feet of all the lands belonging to such residents and fronting on the street, alley, avenue, public highway or part thereof to be improved, shall, within thirty days from the first day of such publication, file with the city "clerk a remonstrance

signed by them, against the proposed improvement, then the common council shall have power to cause the proposed improvement to be made and to issue special tax bills therefor, as herein mentioned.   *   *   *   If the remonstrance of the resident property-owners above mentioned shall be filed with the city clerk, as herein provided, then the power of the common council to make the proposed improvement and pay therefor in special tax bills, shall cease."

The plaintiff's further contention is that within thirty days after the passage of the said ordinance (number 9002) referred to in the previous paragraph, he with other resident property-owners, owning a majority in front feet of all lands fronting on said improved street between the said designated intersecting streets, filed with the city clerk a written remonstrance signed by each of them against the said proposed improvement, and that in consequence of this the power of the said city to make said improvement and issue tax bills therefor ceased.   By recurring to the section of the city charter just quoted it will be seen that where the city provides by ordinance for the construction or reconstruction of sidewalks on any street or any part thereof that its power to let the contract and have the work completed thereunder can not be arrested or taken away by the remonstrance of the residents owning a majority of the front feet.   It will be further seen by reference to the proviso of said section that the veto power is there conferred upon the property-owners only in cases where streets are to be paved, repaved, blocked, reblocked, graveled, regraveled, macadamized or remacadamized and paid for with tax bills, but that the proviso has no application where the common council pass an ordinance providing for the construction or reconstruction of *sidewalks*.   In such case it is beyond the power of the abutting property-owners to prevent the common council from proceeding to have the sidewalks completed.   The

words of the proviso impose no condition upon, nor do they in any way restrict or fetter the exercise of the power given to the common council in the preceding part of the section in respect to providing by ordinance for the construction of sidewalks. We must think, therefore, that this contention of the plaintiff results from a misconception of the scope and meaning of the section of the charter quoted at the outset of this paragraph.

III.    It is alleged in the plaintiff's petition that in April, 1890, the said city passed an ordinance providing that eight hours should constitute a day's work for any and all persons in the employ of said city and that no person employed by it directly, or working under any contract let by it, should be required to work more than eight hours in each day.   It was further alleged that said ordinance also contained a provision requiring all contracts made by said city, under which work or labor was to be performed, should contain a clause providing that eight hours should constitute a day's work thereunder, and that any contractor violating the provisions of the said last referred to section should for every such violation forfeit one hundred dollars, etc.    It is further alleged in said petition that the said contract, entered into between the said city and defendant for the construction of said sidewalks under said ordinance number 9002, contained the clause required as aforesaid by the said ordinance of April, 1890.

It is nowhere alleged in the plaintiff's said petition that the provisions of the ordinance just referred to were void as being violative of any provision of the State Constitution, or was illegal or an unauthorized exercise of power, or was unreasonable or void without specifying why or for what reason. Nor that the requirement that said eight-hour clause should be or was inserted in said contract had the effect to prevent competition amongst bidders, nor that the contract for doing the work was in consequence thereof not let to the "lowest and best

bidder," nor that the cost of .the work was in consequence thereof increased, or that plaintiff suffered any injury or detriment in consequence of the observance by the said city of the provisions of said ordinance in the letting of the contract for said work. Nor is it alleged that the said contract was void or that the work under it was not performed in a good workmanlike manner. The allegations of the petition do not, as we think, tender the issue that the said eight-hour ordinance prevented said contract from being let to the "lowest and best bidder."

The said tax bills were invested by statute with the force of prima facie evidence of the validity of the bill, of the work, etc., and the liability of the property to the charge stated in the bill. The law placed the burden upon the plaintiff of proving any fact relied upon by him to show the invalidity in such tax bills. City v. Badgley, 73 Mo. App. 123. In an action on a tax bill, if the plaintiff desires to show that the work was not properly authorized or any fact going to the legality or extent of the charge, he must specially plead such fact, so as to notify the other party of the ground on which he relies to defeat the tax bill. City v. Badgley, supra; Vieths v. Planet Co., 64 Mo. App. 207.

And where the abutting lot owner does not wait to be sued on the tax bill, but brings his action to enjoin the collection of the tax bill, he must, we think, for a like reason, plead specially the facts on which he relies for relief. As in an action to set aside a deed, settlement or judgment on the ground of fraud or illegality, he should in his petition set out in detail the facts upon which his assault is based. It no where appears in any part of the record that the trial court considered or passed upon the question now under consideration. In view of this, we may presume it did not. In the absence of anything in the record showing the contrary we must presume that the trial

court only passed upon such issues as were raised by the pleadings and none other. In our review of the case we are not authorized to pass upon or determine any issue not made by the pleadings or not called to the attention of the trial court nor passed upon by it.

IV.   The plaintiff finally contends that said tax bills are void for the reason that he was denied the right to select the kind of material to be used in said sidewalks as provided in ordinance of said city passed April 27, 1895.   This ordinance seems to have been repealed January 15, 1898, and was not in force when the said contract was let in May 19, 1898.  Besides, this said article 9, section 2 of the amended charter of said city, herebefore quoted, expressly authorizes the said common council by ordinance to prescribe the materials for the construction of sidewalks.   The said ordinance number 9002, providing for the construction of the sidewalks in question, was within the power conferred by said charter provision.   Besides this, it will be seen that said ordinance number 9002 expressly repealed all ordinances in conflict with it.   It follows, therefore, that the right of plaintiff to select the material for the construction of said sidewalk was denied by said last-named ordinance.   The charter, as we have just seen, granted the said city the power to select by ordinance the material for the construction of sidewalks, and as this power was exercised in the passage of said ordinance number 9002, the plaintiff's objection will not be sustained.

An examination of the various contentions made by plaintiff has not impressed us with the conviction that he is entitled to any equitable relief.   He knew the ordinance providing for the construction of said sidewalks had been passed, yet he stood still and did not move until he saw the contract let and the work completed thereunder—until his property had without any expense to him received the full benefit resulting from

the street improvement.  Under these circumstances little heed should be given to his complaint.

Decree affirmed.  All concur.