# CITY OF MEXICO, Respondent, v. LAKENAN et al., Appellants.

### St. Louis Court of Appeals, February 18, 1908.

1. **MUNICIPAL CORPORATIONS: Practice: Joinder of Causes of Action: Taxbills.** In an action by a municipal corporation to enforce the lien of two taxbills, each set up in a separate count of the petition, where the defendants were owners of the two pieces of property against which the taxbills were severally issued, the two causes of action were properly united in one petition.

2. ————: **Taxbills: Pleading: Petition.** In an action by a municipal corporation upon special taxbills issued for the construction of sidewalks in front of the defendants' property, where the petition in each count alleged the construction of the walk, the issuance of the taxbill, the substance of its contents, that the defendants owned the lot against which the lien was sought, that the plaintiff was a municipal corporation and owned and allowed the taxbill which was issued in its name and to its use. it sufficiently stated a cause of action.

3. ————: ————: ————: **Statement of Account.** In an action by a city of the third class to enforce the lien of special taxbills issued under section 5863, Revised Statutes of 1899, for the laying of sidewalks for which no bids were received after an advertisement for bids, it is not necessary to attach to the petition or embody in it a statement of the separate items of expense for labor and material used in building the walk.

4. ————: ————: ————: **Notice.** In an action by a city of the third class to enforce the lien of taxbills issued under section 5863, Revised Statutes 1899, a taxbill under the provision of that section is made prima-facie evidence of the regularity of the proceedings and the validity of the bill, etc., so that it is not necessary to allege in the petition the giving of notice by the city for the construction of the sidewalk for which it is issued as required by the ordinances of the city.

5. ————: ————: **Estimate of Engineer: Evidence: Custom.** In an action to enforce the lien of special taxbills by a city of the third class brought under section 5863, Revised Statutes 1899. it was not error to exclude testimony to show the practices of the city in making estimates of the cost of sidewalks, when offered

by the defendants in the absence of an averment in the answer of fraudulent practices, nor was it error to refuse to permit the engineer to testify as to how many bricks went into the walk; the details of facts which the engineer took into consideration in making his estimate were irrelevant.

6. ——: ——: ——: ——: **Separate Lots.** In such case it was not necessary for the engineer to estimate the cost of building the sidewalk in front of each lot separately.

7. ——: ——: **Advertising for Bids: Failure of Bids: Building Walks by the City.** Under the provisions of section 5863, Revised Statutes 1899, a city of the third class, after advertising for bids for the construction of sidewalks and receiving none, may build a walk and issue taxbills in its own favor and the taxbills issued in such case are not affected by the fact that the property owners were notified in the resolution for the construction of the walk that if they failed to build the walks, the city would build them; this did not signify that the city afterwards would omit to advertise for bids as required by law.

8. ——: ——: **Contract: Ordinance: Names of Owners.** An ordinance for the letting of a contract for the construction of sidewalks is not invalid for the reason that it gives the partnership name of the owners of the lot in front of which the walk is to be constructed and does not give the first names of such owners, where the lot was specifically described.

9. ——: ——: **Construction of Sidewalk: Advertisement for Bids.** Where the advertisement for bids for the construction of a sidewalk in a city of the third class was required by ordinance to be published for seven days consecutively, the ordinance was sufficiently complied with when the advertisement was published in seven successive issues of a daily paper which was not published on Sunday, one Sunday intervening between two issues in which the notice appeared.

10. ——: ——: **Sidewalks: Benefits.** It can not be shown in defense of an action to enforce the lien of special taxbills issued for the construction of sidewalks in front of the defendants' property that the property received no benefit from the construction of the sidewalk.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Clarence A. Barnes* for appellants.

(1) Further, section 9 of sidewalk ordinances requires one week's advertisement for bids and the affidavit of the printer shows publication of advertisement for bids on "Sept. 3d, 4th, 5th, 6th, 7th, 8th and 10th" which was not a week for a week is a definite period of time commencing on Sunday and ending on Saturday." Leach v. Burr, 188 U. S. 510, 47 L. Ed. 567; Ronkendorf v. Taylor's Lessee (U. S.), 4 Pet. 360, 7 Law Ed. 882, 886; Medland v. Linton, 60 Neb. 249, 82 N. W. 866, 869; City of New Orleans, 27 South. 592, 594; In re Tyson, 22 Pac. 810, 812, 13 Colo. 482, 6 L. R. A. 472; Steinle v. Bell (N. Y.), 12 Abb. Prac. (N. S.) 171, 175; Holmes v. Croy, 164 Mo. 69.    (2) Defendant's instruction numbered 2 should have been given, because the right and authority to issue the taxbills and collect thereon is based wholly upon the proposition that the sidewalks benefited the lots.    Thornton v. Henry County, 115 Mo. 557; Sterling v. Gault, 117 Ill. 11, 7 N. E. 471; Construction Co. v. Hauessler, 201 Mo. 400.

*A. C. Whitson* for respondent.

(1)    The causes of action on these taxbills were properly joined under section 593, Revised Statutes 1899, being causes relating to the same subject of action and arising out of the same transaction, and being in their nature actions    *ex contractu,* and affecting all parties to the action.    Ann. Statutes of 1906, sec. 593 and cases cited.    Bogges v. Bogges, 127 Mo. 305, 29 S. W. 1020; Garstide v. Garstide, 113 Mo. 348; Michael v. St. Louis, 112 Mo. 348; Donovan v. Dunning, 69 Mo. 436; Reinhart v. Long, 95 Mo. 396.    (2)    The petition is sufficient as in an action on a taxbill issued by a city of the third class it is sufficient to allege the making of the bill, its contents and date and that defendant owns the lot against which assessed, and it is not nec-

essary to plead an ordinance on which predicated. Patterson on Pleading, secs. 475, 476; Carthage v. Bagley, 73 Mo. App. 123; Kansas City v. American Surety Co., 71 Mo. App. 315; Moseley v. Weakley, 86 Mo. 451; Turner v. Patton, 54 Mo. App. 653. (3) Taxbills are prima-facie evidence of their own validity and the doing of the work and furnishing of the materials charged for and the liability of the property to the charge stated therein. Ann. Stat. 1906, sec. 5858; Laws of 1901, p. 63; Ann. Stat. of 1906, sec. 5863; R. S. 1899, 5863. (4) This throws the burden of pleading and proof on defendants, and it is for them to plead and prove the absence of material steps to make such bills valid. Sedalia v. Montgomery, 109 Mo. App. 88, 88 S. W. 1014. On its introduction the bill constitutes presumptive proof of all essentials to recovery and burden is on defendant to establish the omission of some material step. Heman v. Payne, 27 Mo. App. 484; Ess v. Bounton, 64 Mo. 100. (5) The estimate of the city engineer was sufficient. It correctly approximated the cost and set it at a given amount, thirteen cents per square foot. Sedalia v. Scott, 104 Mo. App. 595, 78 S. W. 276; Independence v. Briggs, 58 Mo. App. 241; Springfield v. Knott, 49 Mo. App. 612. (6) A publication for one week may be made by publication for seven days though one day intervenes on which there is no issue of paper making the publication. Trenton v. Collier, 68 Mo. App. 494; Clopton v. Taylor, 49 Mo. App. 117; Bank v. Stump, 73 Mo. 315; State v. Green, 66 Mo. 631; St. Joseph v. Landis, 54 Mo. App. 320; Paving Co. v. Muchenberger, 105 Mo. App. 47, 78 S. W. 28. (7) The question whether or not property is benefited cannot be raised on a special taxbill action. Paving Co. v. French, 158 Mo. 534, 58 S. W. 934, 181 U. S. 324; Heman v. Ring, 85 Mo. App. 231; Heman v. Schulte, 166 Mo. 409, 66 S. W. 163; Warren v. Paving Co., 115 Mo. 580.

GOODE, J.—Plaintiff, a municipal corporation, constructed sidewalks in front of two lots belonging to defendants and this action is on the taxbills issued for the work. One of the bills amounted to $57.65, and the other to $59.55, and plaintiff obtained judgment on both of them in the court below. The petition is in two counts and this is insisted on as being a misjoinder of causes of action. Defendants own both pieces of property and both taxbills were made out against them and hence the two causes of action might be united in one petition in separate counts. [R. S. 1899, sec. 593.]

It is further insisted the petition did not state a cause of action because it did not set out the general effect of the ordinances under which the work was done, but only pleaded them by their titles and date of approval. The action is on the special taxbills and each count states the construction of the walk in front of the respective lot, the issuance of the taxbill, the substance of its contents, that the defendants owned the lot against which the lien is sought to be enforced, that plaintiff is a municipal corporation and owns and allowed the taxbill which was issued in its name and to its use. These facts sufficiently state the case for plaintiff and the demurrer was properly overruled. [Turner v. Patton, 54 Mo. App. 654; Vieths v. Planet, etc., Co., 64 Mo. App. 207; City of Carthage ex rel. v. Badgley, 73 Mo. App. 123.]

It is further insisted that plaintiff's petition is not based on special taxbills inasmuch as the amounts expended for labor and material, etc., are not set out therein or attached thereto as an exhibit. Section 5863 of the Revised Statutes of 1899, says if no bids are received for laying a sidewalk after an advertisement for bids, the city may construct the walk, at its own expense and shall keep an accurate account of the amount expended for labor and material, including grading and

filling opposite each lot. That section does not require the party suing on a taxbill to attach to his petition, or embody in it, a statement of the separate items of expense for the various kinds of labor and material used in building the walk. We do not understand what defendant's counsel means by saying the action is not on special taxbills because of the absence of a recital in the petition or of an exhibit attached to it of these items. The action is on taxbills, and for that reason it is unnecessary to enumerate the different items of cost, as, perhaps it would be necessary to do if the action was on an account for the value of work done and material furnished.

It is further objected that one of the taxbills did not allege the giving of notice for the construction of the sidewalk along the property described in the bill and, therefore, did not constitute prima-facie evidence in favor of the plaintiff. The notice to the property-owner to which this point refers, is provided for in section eight of the sidewalk ordinances of the city of Mexico, which says that before making a contract for the construction of a sidewalk, the city shall give the property-owners, or their legal representatives, twenty days' written notice, in person or by mail, in time to provide for the construction of the walk. No doubt notice to the property-owner is required by said ordinance; but the contention that the taxbill must recite the giving of notice is without legal support. A taxbill is made by statute prima-facie evidence of the regularity of the proceedings for the assessing of the special tax, the validity of the bill, the doing of the work, the furnishing of the material charged for and the liability of the property for the amount of the bill. [R. S. 1899, sec. 5863.] We have been pointed to no statute or decision requiring the giving of notice to a property-owner to be recited in the bill. Lack of notice might be set

up as a defense, but the defendant would have to prove no notice, or an inadequate one, was given.

It is further contended no valid estimate of the value of the work was made before the city had it done. Section 5858 of the Revised Statutes requires an estimate of the cost to be made and submitted to the municipal authorities by the city engineer, or other proper persons, before a contract for municipal work is done; and for bids letting a contract for the work in excess of the estimate. The record shows a written estimate of the cost of this sidewalk was submitted by the city engineer to the mayor and city council before the letting of the contract. His estimate was for a brick sidewalk according to the ordinance at thirteen cents per square foot. In this connection complaint is made of the refusal of the court to allow the defendant to prove by the city engineer that it was the practice of the city of Mexico, for its engineer to place the estimate of the cost of constructing sidewalks above the approximate cost thereof, in order that the bids for construction might come within the amount estimated. The engineer testified the mayor and city council gave him no instructions in this particular case, except to estimate the cost of constructing the walk, and having so answered, we think it would have been improper in the absence of an averment of a fraudulent custom, to conduct a general inquiry into the practices of the city. The question was whether an honest estimate was made in the particular case.

Complaint is made of the refusal to permit an answer to an inquiry of the engineer concerning how many bricks went into the walk. We fail to see the relevancy of this inquiry. The issue was whether or not the engineer had made an estimate. The details of facts which he took into consideration were irrelevant, at least, under the pleadings as framed. No defense was set up in the answer based on an alleged fraudulent

estimate. [Carthage v. Badgley, 73 Mo. App. 123; Heman v. Payne, 27 Mo. App. 48.]

The estimate of the engineer is also challenged on the ground that it was not separately made for each lot. We regard this point as trivial. The same kind of walk of the same dimensions was to be laid in front of both lots.

A point is made that the resolution for the construction of a sidewalk in front of one of the lots, was in fact a resolution for the *reconstruction* of a walk instead of the construction of one, and therefore invalid. A reading of the resolution does not bear out this contention. In both the resolutions it was resolved the defendants be notified to construct a sidewalk along the particular lots described in the resolution, and in one of the resolutions the word "reconstruct" was used once; but this was obviously a clerical error because, throughout the resolution, the work to be done was spoken of as the construction of a sidewalk.

It is further said the resolutions are void because they provided that, in the event the owners of the property did not build the walks, the city of Mexico would do so; thus importing that if the defendants did not build them, the city would do so without advertising for bids from other parties as required by section 5863. These resolutions for notice to the owners were, as said, founded on an ordinance of the city. The tax-bills are not affected because the defendants were notified that if they failed to build the walks, the city would build them. This did not signify that the city would omit to advertise for bids from contractors, or omit any other necessary steps; but simply that the city, after taking the proper steps, would do the work if the owners did not, and no bids were received from other parties. The record shows conclusively that before the doing of the work the city advertised for bids and re-

ceived none.  It was then empowered by section 5863 to construct the walks at its own expense.

It is further contended the ordinance for the letting of the contract for the construction of the sidewalk and specifications, did not originally contain the individual names of the owners of the lots, Joseph G. Lakenan and Adam C. Barnes, but only the firm name of Lakenan & Barnes.  The ordinance, as we find it in the record, contains both the firm name and the individual names, and recites the giving of notice to both members of the firm; and, in fact, such notice was given.  But the attorney for defendant swore he had read the ordinance after its passage and it did not then contain the individual names of the owners of the property.  No attempt was made in this case to charge the defendants as partners, and even if the ordinance directed the construction of the sidewalk along lots owned by Lakenan & Barnes, the ordinance was not invalid for failure to give the first names of the owners. The lots were specifically described by their numbers and the number of the block they were in, and hence the ordinance was perfectly definite as to the property to be improved.

It is further contended the advertisement for bids was not published in conformity to the general ordinances of the city of Mexico, which requires one week's advertisement.  The advertisement for bids was published for seven days consecutively, except that a Sunday intervened between the last two insertions.  It was proved the paper was not issued on Sunday.  This publication was sufficient to give a week's notice.  [City of Trenton v. Cotter, 68 Mo. App. 483, 499.]

It is further contended the court erred in refusing an instruction asked by defendant that unless the lots were benefited by the sidewalks to the amount of the cost thereof, plaintiff could not recover.  It is not permissible for the defendant to show in defense to

the taxbill that the property received no benefit from the construction of the sidewalks. [Paving Co. v. French, 158 Mo. 534, 58 S. W. 934; Heman v. Schulte, 166 Mo. 409, 66 S. W. 163.]

Many other points are made in the brief for defendant, but we will not give space to the discussion of them. They are devoid of merit. The record shows all the proceedings in this case were in strict conformity to law, without even the taint of irregularity.

The judgment is affirmed. All concur.