FIRST NATIONAL BANK OF INDEPENDENCE, Respondent, v. GEORGIA A. SHEWALTER, Appellant.

**Kansas City Court of Appeals, January 30. 1911.**

1. **TAXBILLS:** **Sufficiency of Petition.** A petition which pleads the taxbill *in haec verba,* in a case where the statute gives prima facie effect to such taxbills will be deemed sufficient if it alleges the making of the taxbill; the contents of such taxbills with the date thereof; the assignment; the filing of the same; and that the defendant owned the lot described and against which the lien was sought to be enforced.

2. ———: **Pleading:** **Special Defenses.** Where the taxbill in question was signed only by the city clerk, and the petition alleges that it was so executed "by authority of the ordinance of said city," the defendant can not show this matter in defense, by pleading the general issue, but must specially plead the facts constituting such defense in his answer.

3. ———: ———: **General Issue.** An objection that the taxbill does not recite performance of some preliminary steps does not go to the sufficiency of the petition, but relates to matters of defense which might be tendered under the general issue.

4. ———: **Signing:** **Ministerial Act.** In the absence of statutory command, the council, by ordinance, may delegate authority to the city clerk to sign special taxbills for the signing of such documents is a purely ministerial act. .

5. ———: **Right of National Bank to Purchase.** Where the petition averred that plaintiff, a national bank, purchased the taxbill for a valuable consideration, such an allegation, where nothing to the contrary appears, implies that the purchase was one that the bank had authority to make.

6. ———: ———: **Ultra Vires.** Even had it appeared that the purchase of special taxbills by a national bank was an *ultra vires* act, the purchase would not be held void, but only voidable, and as to the owners of the land was valid in any event. Its validity could not be assailed except in a direct proceeding prosecuted for that purpose by the government.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*J. D. Shewalter* for appellant.

*Paxton & Rose* for respondent.

JOHNSON, J.—This is a suit to enforce the lien of a special taxbill issued by Independence, a city of the third class, on account of the grading and paving of one of its public streets. The court sustained the validity of the taxbill and defendant appealed from the judgment rendered for plaintiff.

No bill of exceptions is in the record and the issue here is the sufficiency of the petition to state a cause of action. The petition alleges that plaintiff is the owner and holder of the taxbill; that the taxbill, the contents and date of which is set out, was issued by the city of Independence, a city of the third class; that plaintiff for a valuable consideration purchased the taxbill from the contractor to whom it was issued; that the contractor duly assigned the bill in writing to plaintiff and that defendant owned the property described. It appears the taxbill was signed only by the city clerk and the petition alleges that it was so executed "by authority of the ordinance of said city."

We find the petition contains all requisite averments. [City of Carthage v. Badgley, 73 Mo. App. 123; Joplin ex rel. v. Hollingshead, 123 Mo. App. 602.] In these cases the rule is stated that a petition to enforce a special taxbill which pleads the taxbill in *haec verba*, in a case where the statute gives prima facie effect to such taxbills, will be deemed sufficient if it alleges "first, the making of the taxbill; second, the contents of such taxbill with dates thereof; third, the assignment; fourth, the filing of the same, and fifth, that the defendant owned the lot described and against which the lien was sought to be enforced."

These are the constitutive facts and as we said in the opinion from which we have quoted (Carthage v. Badgley, supra) : "If the owner of the lot thus 'named desires to show either the imperfect execution of the work, or that the doing thereof was not properly authorized, or any other fact which goes to the legality or extent of the charge, he cannot do so by pleading the general issue, as was done in this case, but he must specially plead the facts constituting such defense in his answer, so as to notify the plaintiff of the grounds upon which he relies to defeat the enforcement of the taxbill."

The objection of defendant that the taxbill does not recite performance of some preliminary steps in the proceeding does not go to the sufficiency of the petition, but relates to matters of defense which in Cushing v. Powell, 130 Mo. App. 576, we held might be tendered under the general issue.

There is no merit in the further objection that the city council could not delegate authority to the city clerk to sign special taxbills. The signing of such documents is a purely ministerial act (State v. Reber, 126 S. W. 397) and no good reason is suggested for holding that the chief executive of the municipality must perform that act or that his name be signed. In the absence of statutory command the council, by ordinance, may designate how and by whom such instrument shall be signed.

Only one other point argued by defendant is of enough merit to call for notice here. It is insisted that since plaintiff is a national bank it had no authority to purchase special taxbills. The averment that plaintiff purchased the taxbill for a valuable consideration does not mean necessarily that the purchase was made as an investment or for speculation but is comprehensive enough to include any acquisition of title by purchase, including, for example, the taking of additional security for an existing debt to the bank created *bona fides* in the course of lawful business. So far as we are

advised the authority of a national bank to protect itself against possible loss by taking additional collateral security for an existing loan has not been seriously questioned by any court of last resort. It was held in Bank v. Bank, 92 U. S. 122, that while by implication a national bank is prohibited from dealing in stock, it may take stock, in payment or compromise of a doubtful debt, in order to avoid loss and with a view to convert the stock into money. And for the same purpose it may take a mortgage on real estate (Bank v. Matthews, 98 U. S. 624), or accept a deed conveying the fee simple title to real estate. Nothing to the contrary appearing, the allegation that such bank acquired by purchase the title to stock, bonds, or other kinds of paper property implies that the purchase was one it had authority to make.

Moreover, even if it had appeared that the act in question was *ultra vires* the purchase would not be held void but only voidable. As to defendant it was valid in any event and its validity could not be assailed except in a direct proceeding prosecuted for that purpose by the government. [Hall v. Bank, 145 Mo. 418.]

The judgment is affirmed. All concur.