RICHARD C. MENEFEE, Respondent, v. NANNIE J. BELL et al., Appellants.

Kansas City Court of Appeals, May 20, 1895.

1. **Municipal Corporations:** KANSAS CITY CHARTER : CERTIFICATE ON SEWER ORDINANCE. A certificate as to sewer ordinance conforming to the established system of sewers as required by the freeholder's charter of Kansas City is sufficient, if signed by all the members of the board of public works, though it may be likewise properly executed by the signatures of the president and secretary.

2. ———: ———: LEVY OF SPECIAL TAX : DELEGATION. *McQuiddy v. Vineyard*, 60 Mo. App. 610, is followed as to the authority of a clerk in the engineering department to sign the name of the president of the board of public works.

3. ———: ———: SPECIAL TAX BILLS : NOTICE OF SUIT : GENERAL DENIAL. On a general denial to a petition enforcing a special tax bill, the fact that the plaintiff failed to file with the board of public improvements notice of the institution of his suit as required by the freeholder's charter, can not defeat a recovery.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Beebe & Watson* for appellant.

(1) The court erred in holding that the writing on back of ordinance number· 1148 was a certificate of the board of public works, for the reason it is simply a statement in writing of certain individuals and does not purport to be done by the board of public works as a board. A resolution, to be evidence, should be signed by the president and attested by the secretary. This was not done in this case, therefore it was not competent evidence of the acts of the board of public

works. (2) The court erred in admitting tax bills in evidence because no authority was shown in Maloney to sign the president's name to said tax bills. The resolution only authorizes Maloney to sign "special tax bills issued by the city engineer." These tax bills could not be issued by the city engineer but by the board of public works." See charter 1889, sec. 10, p. 86. (3) The court erred in finding the issue for plaintiff, for the reason plaintiff did not show he had complied with the requirements of the charter in establishing and keeping alive the lien of the tax bills in suit. Sec. 18, art. 9.

*Warner, Dean, Gibson & McLeod* for respondent.

(1) Appellants say that a resolution, to be evidence, should be signed by the president and attested by the secretary. We do not know how a resolution could be more formal and more binding than one signed by every member of the board of public works. (2) Appellants further say that "the court erred in admitting tax bills in evidence, because no authority was shown in Maloney to sign the president's name to said tax bills. The resolution only authorizes Maloney to sign special tax bills issued by the city engineer. These tax bills could not be issued by the city engineer, but by board of public works. See charter, 1889, sec. 10, page 86." Our reply to this is that no objection whatever was made to the introduction of the tax bills in evidence. Besides this, respondent did prove by Mr. Langworthy, the secretary of the board of public works at the time of the trial, a resolution passed by the board of public works, as follows: "Resolved, that John Malony, chief clerk, department of engineering, be and is hereby authorized and instructed to sign the name of J. S. Cannon, as president of the board of

public works, to all special tax bills issued by the city
engineer, except tax bills issued on the installment
plan, which shall be signed by the president himself,
and attested by the secretary, with the seal of the
board. J. S. Cannon, president, F. B. Ray, secretary."
Section 15, article 9, charter of 1889, specially author-
izes this resolution. Section 4, article 6, of the city
charter, shows that the engineering department is under
the supervision of the board of public works. (3)
Defendants must plead the statute of limitations. This
they did not do in the case at bar. *Harper v. Eubank*,
32 Mo. App. 262 and 263; *Orr v. Rode*, 101 Mo. 398.
(4) In his petition respondent made all the averments
required by the charter. Appellants answered by gen-
eral denial only. The tax bills introduced without
objection made a *prima facie* case. "The burden then
was imposed on defendant (appellant) to disprove the
case made or submit to a judgment against them."
*Adkins v. Railroad*, 36 Mo. App. 661; *Siebert v. Tiffany*,
8 Mo. App. 34, 37; *Waud v. Green*, 7 Mo. App. 85;
*Stifel v. Daugherty*, 6 Mo. App. 441; *Heman v. Payne*,
27 Mo. App. 483; *Ess v. Bonton*, 64 Mo. 105; *St. Joseph
v. Forrell*, 106 Mo. 442. But this *prima facie* case they
could not disprove because they had answered simply
by general denial. *Guinotte v. Ridge*, 46 Mo. App.
260; *St. Joseph v. Owen*, 110 Mo. 456; *Heman v. Wolff*,
33 Mo. App. 200.

GILL, J.—This is an action on certain special tax
bills issued for the construction of a district sewer in
Kansas City. On a trial by the court below, without
the aid of a jury, there was judgment for plaintiff, and
defendants appealed.

I. The first objection raised relates to the sufficiency
of the certificate indorsed by the board of public works
on the ordinance providing for the construction of the

sewer.   The city charter of 1889 required the board of public works to establish a system of sewers for the entire city.   Sec. 9, art. 6.   And then, in order to secure the construction of sewers in accordance with such system, it is further provided that "no ordinance * * * providing for the construction of any public or district sewer, shall be passed by the common council, unless the same has indorsed thereon a certificate in writing of the board of public works, that * * * the sewer proposed to be constructed thereunder conforms to the system of sewers established by the said board." Sec. 37, art. 17.

Following this requirement, there was indorsed on the back of the ordinance in question a certificate to the effect that the proposed sewer conformed to the system of sewers established by the board of public works. This was signed by each and all of the four members of that body.   The objection seems to be that this certificate should have been signed and attested by the president and secretary only, and not by the entire board. We think there is no merit in the point.   From the testimony, it sufficiently appears to have been the action of the board of public works.   And while it may have been the more formal and usual manner to have the president and secretary of the board alone to attest its action, we know of no reason for rejecting a certificate signed by all the members, since the evidence clearly shows that it was their joint official action.

The second assignment of error, relating to the alleged want of authority in Maloney to sign the name of the president of the board of public works to the tax bills, is disposed of in *McQuiddy v. Vineyard*, 60 Mo. App. 610, and *Dollar Savings Bank v. Ridge*, 62 Mo. App. 324, two cases lately disposed of by us.

II.   The only remaining point deserving attention is to the effect that the trial court erred in giving judg-

ment on the tax bills, in the absence of proof that plaintiff filed with the board of public works the notice of suit, as provided for in section 18, article 9, of the city charter. By said section, the tax bills are made a lien on the property for the period of two years after issue, or to the end of a suit, if begun in that time, etc., "provided, however, that if such suit shall be brought within the two years, the plaintiff, or plaintiffs therein, shall, after commencing the suit, and not later than thirty days after the end of the two years, in person, or by attorney or agent, file in the office of the board of public works, a written statement showing the tax bill sued on, and when and in what court, and against whom the said suit was brought. The board of public works shall, immediately after the filing of any such statement, note on the registry of such tax bill the time of the filing of such statement and substance of the statement. If plaintiff, or plaintiffs, in such suit shall fail to file such statement within the time above limited, the land described in the tax bill sued on shall be free from the lien of the tax bill, and of any judgment in such suit, no matter when rendered, and shall not be sold to pay any such judgment."

In answer to defendant's contention, it is sufficient to say that no such defense was set up in the answer; it was only a general denial. The failure to file notice of suit in the office of the board of public works was new matter, which defendant ought to have pleaded and proved. It was no part of plaintiff's case in chief. He established a *prima facie* right of recovery by the mere introduction of the tax bills and proof of assignment. *Guinotte v. Ridge*, 46 Mo. App. 260–262, and authorities cited. "Every tax bill shall, in any suit thereon, be *prima facie* evidence of the validity of the bill, of the doing of the work, and of the furnishing of the material charged for, and of the liability of the

land to the charge stated in the bill." Sec. 18, art. 9, K. C. Charter.

After commencing the suit to enforce the tax bills, it was made the duty of the plaintiff to file this statement of the beginning of his suit, etc., with the board of public works; and if he failed so to do for more than thirty days after the end of the two years, such failure operated in the nature of a condition subsequent to defeat the lien. "It is never necessary," says a learned author, "for the plaintiff, in his declaration, to state, or in any manner to take notice of, any condition subsequent, annexed to the right which he asserts. For the office of such condition is not to *create* the right on which the plaintiff founds his demand, but to *qualify* or *defeat* it. The condition, therefore, if performed or complied with, furnishes matter of *defense*, which it is for the *defendant* to plead." Gould's Pleadings, sec. 17, chap. 4.

We discover no error in the record, and the judgment will be affirmed. All concur.