# HILL-O'MEARA CONSTRUCTION COMPANY, Respondent, v. SARAH L. HUTCHINSON et al., Appellants.

## St. Louis Court of Appeals, March 17, 1903.

1. **Taxbill:** CHARTER: ANSWER: NON-COMPLIANCE WITH CONTRACT. Under the charter of the city of St. Louis, providing that the party charged with payment of a taxbill may plead in reduction thereof that the work was not done in a workmanlike manner, an abutting owner assessed for street paving can set up as a defense the contractor's failure to lay the paving according to the contract.

2. ———: ———: CONTRACT: WARRANTY. If the contract for street paving required the contractor to warrant the pavement for one year after its completion, the defendant in an action on a special taxbill may offer evidence showing the condition of the pavement during the first year after it was laid.

3. ———: PETITION: GENERAL DENIAL: ISSUE. Where the petition in an action on a special taxbill alleged that the work was completed "in the manner" prescribed by the contract, a general denial would not raise the issue, that the work was not completed within the time required.

4. ———: ORDINANCE: IMPROVEMENTS: REASONABLE TIME. Where a city ordinance, directing an improvement, fixed no time for its completion, but the contract fixed a time and contained a proviso that the contractor should suffer a per diem penalty for failure to complete within the time, a taxbill against an abutting owner was not void for the contractor's failure to complete the improvement in time, if it was finished within a reasonable time.

5. ———: ———: ———: WHETHER ESTOPPED, A QUESTION FOR THE JURY. Defendants joined in the protest against the widening of the roadway and did not object to the width of the pavement after the change, but did object to the kind of material used: *Held,* that whether defendants were estopped to defend on the ground that the pavement was thirty instead of thirty-six feet wide, was for the jury.

6. ———: ———: ———: PROPERTY-OWNER: ESTOPPEL. While a property-owner may not be precluded from setting up a defense in a taxbill that the improvement was not made according to the ordinance ordering it, by merely seeing the work improperly

done without protesting, he can not induce a departure from the ordinance and contract by his own acts, and then avail himself of the change to escape the payment, because estopped by his own conduct in the premises.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

REVERSED AND REMANDED.

*Leverett Bell* for appellants.

(1) Where an ordinance subsequent to the letting of a contract for special tax work reduces materially the dimensions and extent of the improvement and work to be done as compared with the original ordinance directing the same, the contract is vitiated and the special taxbills issued thereunder are void. Trenton v. Collier, 68 Mo. App. 483; Warren v. Chandos, 115 Cal. 382; Sections 15 and 27, article 6, City Charter; 2 R. S. 1899, pp. 2511, 2514; Guinotte v. Eglehoff, 64 Mo. App. 356; West v. Porter, 89 Mo. App. 150. (2) The estoppel pleaded in the reply of plaintiff to the answer in this case is not supported by the evidence, nor is it good in law against the property-owner. Galbreath v. Newton, 30 Mo. App. 380; Keane v. Klausman, 21 Mo. App. 485; Marr v. Bunker, 92 Mo. App. 651; Miller v. R. W. Co., 162 Mo. 436; 11 Am. and Eng. Ency. 387; Blodgett v. Perry, 97 Mo. 263. (3) The trial court erred in excluding testimony that the work was not completed within the time named in the contract, and in refusing to allow defendants to amend their answer upon said adverse ruling being announced. Winfrey v. Linger, 89 Mo. App. 158; Sec. 657, R. S. 1899; Turner v. Thomas, 10 Mo. App. 338; Neill v. Gates, 152 Mo. 585; McQuiddy v. Brannock, 70 Mo. App. 535; Trust Co. v. James, 77 Mo. App. 616; Carr v. Moss, 87 Mo. 447; Weber v. Hannibal, 83 Mo. 262; Iron Co. v. Cooperage Co., 112 Mo. 383.

*Collins & Chappell* for respondent.

(1)   The special taxbill sued on is not invalid by reason of the approval of the special ordinance reducing the width of the roadway on Taylor avenue after the execution of the contract under which said roadway was improved.   Springfield to Use v. Weaver, 137 Mo. 650; Cole v. Skrainka, 105 Mo. 303.   (2)   Even if the taxbill sued on was rendered void by reason of the special ordinance reducing the width of the roadway on Taylor avenue, the defendants in this case are estopped to assert that said bill is void.   Brick & Terra Cotta Co. v. Hull, 49 Mo. App. 433; Sheehan v. Owen, 82 Mo. 458; Cross v. City of Kansas, 90 Mo. 13; Verdin v. St. Louis, 131 Mo. 26; Vaile v. Independence, 116 Mo. 333; Evansville v. Pfister, 34 Ind. 36; DePuy v. Wabash, 133 Ind. 32; Schaumm v. Seymour, 24 N. J. Eq. 143; Wilkesbarre v. McDermott, 6 Kulp 345; Liebstein v. Newark, 24 N. J. Eq. 200; Pittsburg v. MacConnell, 130 Pa. St. 645.   (3) The court committed no error in excluding evidence as to the condition of the street after the completion of the work thereon.

GOODE, J.—In this case, which is on a special taxbill issued for paving and otherwise improving a portion of Taylor avenue in the city of St. Louis, only three defenses require our attention, although others were made in the court below.   Those three defenses, as stated by the appellants, are: that the work and materials were defective and insufficient, of no benefit to appellant's property, and did not comply with the contract between the city and the respondent; that the improvement was not finished within the time limit prescribed by the ordinance ordering it, and that after said ordinance had been enacted and the contract for the paving let to the respondent, another ordinance was passed by which the width of the roadway to be paved was reduced from thirty-six to thirty feet.

The defense based on the alleged failure of respondent as contractor to lay the paving according to the contract was preferred by the answer and is allowable, as the charter of the city of St. Louis provides that a party charged with payment of a taxbill may plead in reduction of its amount that the work mentioned in it was not done in a good and workmanlike manner. St. L. Mun. Char., art. 6, sec. 25. The petition alleged the paving was done in a good and workmanlike manner; the answer denied this and also specially pleaded, as stated above, that the work was defective and insufficient. The contract for the improvement contained a clause by which the Hill-O'Meara Construction Company warranted the pavement for one year after its completion and bound itself for the expense of repairs which might become necessary on account of imperfections in the work or materials in that time. Said contract, in conformity to the city ordinance, also required the construction company to pay $200 into the city treasury to be used for making such repairs, and this condition was complied with by respondent.

To support the defense of defective construction, certain questions were asked of witnesses concerning the condition of the pavement at the time of the trial and during the first year after it was laid. Those questions were objected to on the score that its condition at the time of the trial several years after it was put down, was immaterial, while its condition during the first year, in view of the above stipulation of the contract, was a matter between the city and the contractor. The objections were sustained; but the circuit judge said appellants might show the contractor did not live up to the contract. Those rulings were inconsistent. Evidence of the condition of the pavement when the trial occurred was remote, but its condition during the first year it was down was relevant; because one can readily see that its condition then might have been such as tended to prove, or, indeed, conclusively proved, it was not laid

in a good and workmanlike manner. The fact that the construction company was bound to repair during the first year did not justify the exclusion of the testimony in question. That stipulation for the benefit of the city, which pays for repairs out of public funds, in no way subtracts from the property-owner's charter right to plead bad construction in reduction of the amount of a taxbill. Error was committed in refusing appellant's offer to prove the condition of the pavement during the first year it was in use.

So far as appears, the ordinance ordering the improvement fixed no time for its completion, but the contract between the city and the construction company required the respondent to begin work in one week after written notice to do so was given by the street commissioner and carry it on regularly and uninterruptedly, unless otherwise ordered, with such force as to insure its completion in six weeks thereafter. The street commissioner notified the construction company on April 17, 1897, to begin work in one week and complete the improvement by June 8th.

The answer set up no defense based on the failure of the construction company to finish in time unless that defense is made by the general denial of the allegations of the petition, one of which was that the work was done in a good and workmanlike manner with the material and in the manner prescribed by the contract. But the general denial did not contain this defense; for it would be a perversion of language to say the allegation of the petition that the work was completed in the *manner* prescribed by the contract means it was completed within the time limited. Appellants asked permission during the progress of the trial to amend their answer in this regard, which request was denied, and that ruling is now said to have been an abuse of judicial discretion. We would not reverse the judgment on that ground; but as the case will probably be retried, we refer to the case of Heman v. Gilliam, 71 S. W. (Mo.) 163, in which it

was decided that where a city ordinance, directing an improvement, fixes no time limit for its completion, but the contract does, with a proviso that the contractor shall suffer a per diem penalty if the work extends over time, the taxbill is not void if the improvement is finished within a reasonable time. That ruling is now the law, and is sound law, we think. The contract in question imposed a penalty of five dollars a day on the construction company for every day consumed in laying the pavement after June 8th, while the ordinance prescribed no time of completion, and hence the case is in all respects like the one above cited.

The defense on which the chief stress is laid by the appellants is that after the contract was let to the respondent an ordinance was passed by the city reducing the width of the roadway to be paved, and the consideration of this point requires the statement of certain facts which transpired anterior to the paving of the street.

In 1890, William H. Claggett and George W. Cale owned nearly all the property on both sides of Taylor avenue between St. Louis and Ashland avenues, which was the part of Taylor avenue improved by the respondent. Some time in that year those men asked permission of the Board of Public Improvements of the city of St. Louis to lay a granitoid sidewalk on each side of Taylor avenue between said other avenues, and permission to do so was granted them, the width of the sidewalks being fixed at fifteen feet and of the roadway at thirty feet. Thereupon the owners laid the sidewalks fifteen feet wide and graded the roadway. In 1891, Claggett and Cale sold to Mrs. Hutchinson, one of the appellants, the lot against which the taxbill in suit was issued and by mesne conveyances the title thereafter vested in her and her husband, Albert J. Hutchinson. When they purchased, the street was improved to that extent and in that way. This was in contravention of a general ordinance of the city of St. Louis, which provides that a street sixty feet wide shall have sidewalks

twelve feet wide and a roadway thirty-six feet wide. Rev. Ord. 1901, ch. 15, sec. 599. When the ordinance ordering the paving of the street was enacted, it seems said provision of the general ordinance was observed and a roadway provided for thirty-six feet in width; and so the contract was let to the respondent, which began to pave over thirty-six feet of the street. This excited a remonstrance by the property-owners who had laid their sidewalks with reference to a thirty-foot roadway, and at their request and on their protest the Municipal Assembly passed a special ordinance making the roadway of Taylor avenue between St. Louis and Ashland avenues thirty feet wide and its sidewalks fifteen feet.

It should be remarked in this connection that by the contract between the city and the Hill-O'Meara Construction Company, the paving was let to the construction company by the quantity of work done and not in bulk or by the linear foot; and so it seems bids were taken. Therefore, it does not appear that the cost to the property-owners was increased by this reduction of the width of the paving.

But the appellants themselves protested against widening the roadway. The title to the lot in question was vested at that time solely in Sarah L. Hutchinson, but both she and her husband testified that he acted for her in what was done in regard to the paving, and he swore that if the other property-owners protested against the roadway being widened, he did. Mrs. Hutchinson testified on this point that when the construction company commenced making the roadway wider, she objected, but only stated her objection to her husband, giving him no authority in the matter. She immediately swore, however, that she left the matter to him and did not attend to it herself; that it did not make any difference to her what the width of the roadway was, only she did not want it to come within six feet of her sidewalk; that she knew they were making the roadway only thirty-feet wide, and she was satisfied with

that width, but not with the material of which they were making it.; also, that her husband built an apron to run from the sidewalk to the curb. The testimony of the appellants shows conclusively they did not object to the width of the pavement, but did object to its being Telford pavement instead of brick. The testimony of Mrs. Hutchinson likewise tends to prove they joined in a protest against the widening of the roadway.

On such evidence the court submitted to the jury the question of whether appellants were estopped to defend against the taxbill because the pavement was thirty instead of thirty-six feet wide, by telling them, in effect, that if the appellants acquiesced in that change it constituted no defense. We consider that ruling correct.

It is plain from appellants' own admissions that they did not want the roadway to be thirty-six feet wide, for one of that width would have been extremely detrimental to their property and have involved the alteration of the sidewalks along the avenue. It is likewise plain that the only objection made to the work before and while it was in progress was because some of the lotowners wanted a brick pavement. There was ample evidence to go to the jury as to whether appellants did not participate in having the ordinance passed, after the contract had been let, by which the width of the roadway was established at thirty feet, with full knowledge that the pavement respondent was going to put down would correspond to said ordinance. While a propertyowner may not be precluded from setting up in defense of a taxbill that the improvement was not made according to the ordinance ordering it by merely seeing the work improperly done without protesting, he can not induce a departure from the ordinance and contract by his own acts, and then avail himself of the change to escape payment. This is but an extension of the general principle of the law of estoppel which prevents a person from inducing another to take a certain course and then claiming the course was illegal in order

to defeat a demand based on it.   Brick & Terra Cotta Co. v. Hill, 49 Mo. App. 433; Cross v. Kansas City, 90 Mo. 13; Hale v. Independence, 116 Mo. 333.

Appellants seem to rely on City of Trenton v. Collier, 68 Mo. App. 483; but we find nothing in that case to show that Collier, who defeated the action on the ground that the ordinance on which the taxbill was based had not been followed in doing the work, was an active agent in causing the work to be done differently.

For the error noted the judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.