Cushing v. Powell.

FRANCIS J. CUSHING, Respondent, v. LOUIS POW-
ELL, Appellant.

Kansas City Court of Appeals, April 6, 1908.

**SPECIAL TAXBILLS: Pleading: General Denial: Evidence: Prima-
Facie Case.** Where no cause of action has ever existed the
proper answer is a general denial, and any evidence which will
show that it never had a legal existence is admissible under
such denial; and where the declaration counts on a tax-
bill a general denial admits any evidence which may show that
the necessary preliminary proceedings never ripened into a
valid taxbill; and the provision of the statute making the tax-
bill itself prima-facie evidence of its validity cannot affect the
rule. [Cases considered and distinguished.]

Appeal from Buchanan Circuit Court.—*Hon. Chesley
A. Mosman,* Judge.

REVERSED AND REMANDED.

*Eastin, Corby & Eastin* for appellant.

(1) The evidence offered by the defendant should
have been received. It was admissible under the gen-
eral denial. State ex rel. v. Rau, 93 Mo. 130; Caven-
der v. Waddingham, 2 Mo. App. 551; Manufacturing Co.
v. Hunter, 87 Mo. App. 60; Kersey v. Garton, 77 Mo.
647; Blatz v. Lester, 54 Mo. App. 285; Hudson v.
Railroad, 101 Mo. 13; Cordner v. Roberts, 58 Mo. App.
440; White v. Middlesworth, 42 Mo. App. 368; North-
rup v. Insurance Co., 47 Mo. 443; Greenway v. James,
34 Mo. 326; Jones v. Rush, 156 Mo. 364.

*C. F. Strop* and *Eugene Silverman* for respondent.

(1) If the owner of the lot named desires to show
either the imperfect execution of the work, or that the
doing thereof was not properly authorized, or any other
fact which goes to the legality or extent of the charge,
he can not do so by pleading the general issue as was
done in this case but he must specially plead the facts

constituting such defense in his answer so as to notify the plaintiff of the grounds upon which he relies to defeat the enforcement of the taxbill. Vieths v. Planet Company, 64 Mo. App. 207; Carthage v. Badgley, 73 Mo. App. 123; Huling v. Stone Co., 87 Mo. App. 359; Construction Co. v. Hutchinson, 100 Mo. App. 294; Menefee v. Bell, 62 Mo. App. 659; Guinnotte v. Ridge, 46 Mo. App. 254. (2) The above quotation is so amply supported by the cases cited, being the uniform ruling upon taxbill cases in this state, as to be deemed settled under the rule *stare decisis* and requires no further comment. The appellant in his brief admits that this is the settled rule in the State but seeks to have the court overthrow this long line of decisions and establish a new rule of evidence, and is the only point urged by appellant.

ELLISON, J.—This action was brought to enforce a special taxbill issued for grading streets in the city of St. Joseph, a city of the second class. The judgment in the trial court was for the plaintiff.

The sole question is one of pleading. The plaintiff pleaded the making and issue of the taxbill, giving the date and contents thereof. He also duly alleged that defendant owned the property charged. The bill was filed with the petition. In short, the petition met the requirement of section 5664, Revised Statutes 1899, of the charter of cities of the second class. The answer was a general denial and under such answer the defendant offered in evidence certain court records necessary to authorize the proceeding, which were in relation to the assessment of damages and benefits and authorizing the city to proceed with the grading of the street. The court ruled that no evidence of that character could be received under a general denial; that it should have been specially pleaded; and gave a peremptory instruction to find for the plaintiff.

The section of the charter just cited reads, that such taxbill "shall, in any action thereon, be prima-facie evidence of the validity of the bill, of the doing of the work and of the furnishing of the materials charged for, and of the liability of the property to the charge stated in the bill; Provided, that nothing in this section shall be so construed as to prevent any defendant from pleading in reduction of the bill any mistake or error in the amount thereof, or that the work therein mentioned is not done in a good and workmanlike manner."

The law of pleading is well established in this State that defenses which are denominated new matter and which must be specially pleaded are only those matters which have arisen since the cause of action arose. There is no such thing as "new matter" to that which never had legal existence. So it is well said that "A defendant is required to plead affirmatively only matters in the nature of confession and avoidance, that is matters which, though the statement in the petition may be true, would nevertheless defeat the action, as for example, release, payment, accord and satisfaction." [Jones v. Rush, 156 Mo. 364.] If a cause of action has not existed, the proper answer is a general denial and any evidence which will show that it never had legal existence is admissible under such denial. [Greenway v. James, 34 Mo. 326; Hudson v. Railroad, 101 Mo. 13; Northrup v. Insurance Co., 47 Mo. 444.] Thus in an action for damages for non-performance of a written contract, if the contract was valid, but had in some way been discharged, that would be new matter; but, if it was forged, the forgery would not be new matter and need not be pleaded. A showing of forgery would be a showing that the alleged cause of action never existed and hence is fully covered by a simple denial. Whatever is necessary for a plaintiff to prove in order to make out his case is met by a general denial. There

may be different modes of proof, there may be inferences or presumptions of one thing from proof of another, but whatever a plaintiff must make out in order to obtain a judgment is met by a denial.

In this case it was necessary for plaintiff to prove that he had a valid lien subject to enforcement against defendant's property. It took, of course, several proper steps or legal proceedings to finally take the form of a taxbill as a valid lien on the defendant's property. The omission of these would prevent the proceeding ripening into a valid taxbill and lien—would show that the lien and bill never had arisen or been brought into existence. Therefore a general denial should let in such evidence.

It is no answer to this position to say that the taxbill itself is prima-facie evidence of its validity and therefore that all proper proceedings were taken. The charter above quoted so declares; but, after all, it is evidence introduced by the plaintiff of the regularity of all the proceedings anterior to the taxbill. The holder of the bill by legal intendment alleges the several steps necessary to a taxbill and its regularity, by alleging the issuance of the bill, and he proves this by introducing the bill. The fact that the statute shortens his pleading and his proof by making one allegation and one instrument of evidence stand, for the other requisites does not, and reasonably could not, change the rule under discussion.

In our opinion the identical question has been decided by the Supreme Court. [State ex rel. v. Rau, 93 Mo. 126.] That was an action for delinquent taxes where the statute provides what the petition shall show, and wherein it is provided that the taxbill shall be prima-facie evidence that the amount claimed is just and correct, thus making a prima-facie case for the plaintiff. The answer in that case, besides containing a general denial, set up specially certain facts which

invalidated the bill in part.    The plaintiff did not file
a reply to that part of the answer and defendant con-
tended that it stood admitted.    The Supreme Court
refused to sustain him; and held that the petition, while
not required (neither is it here required) to set forth
all steps taken in order to make a valid taxbill, yet
*"it must be regarded as including them in the averments
required to be made."*    Therefore, such averments in the
petition being facts which the plaintiff was bound to
prove (and which he did prove by the taxbill) the de-
fendant need do no more than make a general denial;
and while he did set up, specially, defective proceed-
ings anterior to the bill, he need not have done so, since
it was all covered by his general denial, and hence there
was no new matter in the answer and no reply thereto
was necessary.    Judge BLACK in writing the opinion in
that case said that "all of the facts stated in the an-
swer could have been put in evidence under the general
denial.    They are but a detailed statement of the evi-
dence, which show, and only show, that the matters
stated in the petition, or, in contemplation of law, are
included in these averments, are not true.    Had the
defendant alleged that the tax was extended without
any assessment therefor, the plaintiff would not have
been required to reply, for, in effect, the petition alleges
that a legal assessment was made, and the answer would
be no more than a denial of that allegation.    It is true
the statute makes the taxbill prima-facie evidence that
the taxes claimed are just and correct, but that only
relates to the evidence, and has nothing to do with the
question of pleading."    That case has been cited fre-
quently and no suggestion has ever questioned its
soundness.    [Jones v. Rush, 156 Mo. 364, 372; Vaughan
v. Daniels, 98 Mo. 230, 234; Blatz v. Lester, 54 Mo.
App. 283.]

The ruling of the trial court was doubtless based
on remarks occurring in several cases in this court and

the St. Louis Court of Appeals, and they are now cited
by the plaintiff in support of the judgment.    In that
of Guinotte v. Ridge, 46 Mo. App. 254, the defense,
by implication, was an admission of the validity of the
contract, but was based on matter subsequently aris-
ing, viz. a failure to perform the work properly.    Being
thought to be matter supervening it was considered new
matter, which should be pleaded.    But in quoting the
rule of pleading from Northup v. Insurance Co., su-
pra, which we have stated, there is an unfortunate
error.    By this error the Supreme Court in that case
is made to say that if the defendant "intends to rely
upon any matter which goes to defeat or avoid the plain-
tiff's action, he must set it forth," etc.    The words of
the Supreme Court were "*new* matter" instead of "any
matter."    It, of course, would not be supposed that
*any* matter which would defeat the plaintiff's action
would need to be specially pleaded, since that would cut
out all use of a general denial.    The case of Menefee
v. Bell, 62 Mo. App. 659, has no application since there
the defense was new matter arising subsequently to
the proceedings.

In the case of Vieths v. Planet Company, 64 Mo.
App. 207, the defense sought to be made is not shown.
The record did not show whether the defense consisted
of new matter arising subsequent, or whether it went
to the origin of a cause of action.    It is true that the
general remark  is made that if the owner of the prop-
erty wished to show either the imperfect execution of the
work arising subsequent to the cause of action "or any
other fact which goes to the legality or extent of the
charge," he cannot do so under a general denial. This
language must have had reference to   matters   arising
subsequently which affected the legality of the charge.
The language could not have been intended to be in-
terpreted in the full breadth of plaintiff's contention,
for, if so, it would require a defendant to plead speci-

ally *as new matter* that no proceedings of *any* kind, specially naming them, had ever been taken. In City of Carthage v. Badgley, 73 Mo. App. 123, the point considered was as to the sufficiency of the petition. The nature of the defense was not shown. The question now under discussion was not involvel. But during the course of the opinion a remark was made like that in Vieths v. Planet Co., to which we have just referred.

The case of Huling v. Bandera Stone Co., 87 Mo. App. 349, was where the property-owner as plaintiff sought to annul a taxbill as a cloud on his property. In such case, as a plaintiff seeking affirmative relief, he must, of course, set up in his petition his ground for declaring it void. The case has no application here. The remaining case cited is that of Hill Const. Co. v. Hutchinson, 100 Mo. App. 294. We do not see that it applies to the case in hand.

The foregoing view leads to a reversal of the judgment and remanding the cause. All concur.