MANDY BURNS, RESPONDENT, v. NATIONAL LEAD COMPANY.—94 S. W. (2d) 1126.

St. Louis Court of Appeals.   Opinion filed June 2, 1936.

*Boyle & Priest, G. T. Priest* and *Robt. E. Moloney* for appellant.

*Julius L. Block, Cecil Block* and *Robert L. Aronson* for respondent.

HOSTETTER, P. J.—This suit was instituted in the circuit court of the city of St. Louis by the filing of a petition, which, caption and signatures omitted, is as follows:

"For a cause of action plaintiff states that the defendant is a corporation duly organized and operating under and by virtue of law and owns, maintains and operates factories and industrial plants in the City of St. Louis, and as a part of the compensation paid to its employes issued benefit certificates, agreeing to pay to their designated beneficiaries upon suitable proof of death of the employes a sum of money equivalent to the employes' annual salary or wage at the rate in effect immediately before the death of the employe, but in no case more than $5,000.00 (five thousand dollars).

"Plaintiff further states that the defendant issued its benefit certificate No. 2781 on the 1st day of May, 1929, to Thomas Burns, an employe of the company, and that in said certificate she was designated by her son, Thomas Burns, and approved by the defendant as the beneficiary under said certificate.

"Plaintiff further states that said certificate is hereby filed and marked 'Plaintiff's Exhibit A' and made a part of this petition, as if set out *in verbatim*.

"Plaintiff further states that during all of the time that the certificate herein mentioned was in full force and effect the said Thomas Burns was employed by the defendant and that while the certificate was in full force and effect he died on the 24th day of December, 1930.

"Plaintiff further states that she has observed and performed all of the considerations and stipulations of said benefit certificate and

has offered to present and supply the defendant with suitable proofs of the death of Thomas Burns, but that the defendant has failed and refused to supply the plaintiff with proper blanks to be executed by her and has failed and refused to accept such proofs of death of said Thomas Burns.

"Plaintiff further states that in the year preceding his death the said Thomas Burns earned the sum of $1300.00 (thirteen hundred dollars) annually, and under the terms of the certificate plaintiff herein was entitled to receive the sum of $1300.00 (thirteen hundred dollars) according to the terms of said certificate, and that proper demand has been made upon the defendant for payment of the sum of $1300.00 (thirteen hundred dollars), but the defendant has failed and refused to pay this amount to plaintiff.

"Wherefore, plaintiff prays judgment against the defendant for the sum of $1300.00 (thirteen hundred dollars), the value and amount of the certificate, and interest on said amount from the 24th day of December, 1930, together with costs of this suit."

Defendant's answer was a general denial.

The plaintiff is the beneficiary named in the death benefit certificate issued to her son, Thomas Burns, on the 1st day of May, 1929, by defendant, while he was an employee of defendant.

The following is a copy of the pertinent portions of the certificate so issued:

"National Lead Company (The Employer Herein) Agrees, upon presentation of suitable proof of the death of

"Thomas Burns (The Employee Herein)

"To Pay To Mandy Burns, his mother, the Beneficiary designated by the Employee and approved by said National Lead Company A Sum of Money equivalent to the Employee's annual salary or wage at the rate in effect immediately before the death of the Employee, but in no case more than Five Thousand Dollars, all as set forth on the third page hereof.

"The provisions for Permanent Total Disability Benefits are printed on the third page and made a part hereof.

"Should a claim hereunder arise out of accident, injury, or disease which may provide the basis of a claim against the Employer under a workmen's compensation statute or the rules of the common law, any amount paid hereunder shall be deemed, to the extent of such payment, satisfaction of such claim under such statute or rules; and *vice versa*.

"The benefits hereunder are subject to change or withdrawal by National Lead Company without notice.

"National Lead Company,
"Edward J. Cornish, President.
"Dated May 1st, 1929
"Hamlin & Co.
"By E. G. Kestenbaum.
"Certificate Number 2781
"Permanent Total Disability Benefits
"If proof shall be furnished the Employer that The Employee has before having attained the age of 60, become wholly disabled by bodily injuries or disease, and will be wholly and presumably permanently prevented thereby for life from pursuing any and all gainful occupation, the Employer will pay six months after receipt of such proof in full settlement of all obligation herein pertaining to such Employee, the full amount of the benefit on such life either in a single sum, or at its option the Employer will pay the equivalent thereof in a fixed number of equal annual installments as set forth in the table below, the first installment to be payable six months after receipt of due proof of such permanent total disability and the remainder annually thereafter. Any installments remaining unpaid at the death of the Employee shall be payable as they become due to the beneficiary nominated by the Employee, with right to commute at 3% interest per annum.

"It is further agreed that the entire and irrecoverable loss of the sight of both eyes, or the loss of use of both hands or both feet, or of one hand and one foot will of themselves be considered as total and permanent disability within the meaning of this provision."

This was the usual form of certificate issued by defendant to all of its employees and there was no charge of any kind or character made to an employee for the issuance to him of such certificate. The defendant set aside, out of its own earnings, a special fund to take care of the benefits accruing to the employees out of the certificates thus issued and appointed Hamlin and Company as its special agents for the handling of this fund.

The evidence shows that Thomas Burns continued steadily in the employ of the company up to and including the second week in December, 1929; that he then laid off for the last two weeks in December and the first two weeks in January, 1930. He worked for the last two weeks of January, 1930, and after February 1st, 1930, he ceased to work for the defendant and never returned to his employment and died on the 24th day of December, 1930, approximately eleven months after ceasing to work for defendant. The hospital records show that he died of tuberculosis.

The testimony on behalf of defendant showed that when an employee of the company, to whom a benefit certificate had been issued,

left the employ of the company and remained away for ninety days the certificate was then automatically canceled. The company's records concerning the certificate in the instant case showed that it was cancelled as of January 31, 1930, the last day upon which Thomas Burns worked for the defendant.

The cause was tried on September 26, 1934, to a jury, which returned a verdict in favor of plaintiff for $1592.93. After an ineffective motion for a new trial, defendant brings the cause to this Court by appeal for review.

Defendant at the close of all the testimony offered an instruction in the nature of a demurrer to the evidence, which was refused, and that is the principal point urged by defendant as error in this court.

The decisive questions to be determined in this case are whether or not Thomas Burns was an employee of the defendant at the time of his death and whether the certificate remained in full force and effect up to the time of his death. It will be noted that plaintiff averred in her petition that "during all the time the certificate herein mentioned was in full force and effect the said Thomas Burns was employed by the defendant and that while the certificate was in full force and effect he died on the 24th day of December, 1929;" and that these two issues were submitted to the jury in her given instruction, a portion of which we quote, as follows:

"And if you further find and believe from the evidence that the said Thomas Burns died on the 24th day of December, 1930, and if you further find and believe from the evidence that the benefits certificate mentioned in the evidence was in full force and effect at the time of his death, and that the deceased, Thomas Burns, was an employe before and at the time of his death and during the time that said benefit certificate was in full force and effect."

It thus appears affirmatively that plaintiff recognized the burden on her part to prove that Thomas Burns, her son, was an employee of the defendant at the time of his death and that the certificate was in full force and effect at the time of his death.

It will be noted that there is a radical distinction between a suit brought by the employee himself on account of total and permanent disability accruing to him while in the employ of the company and an action for death benefits as beneficiary. [Steffen v. Equitable Life Assurance Society (Mo. App.), 64 S. W. (2d) 302; Pegues v. Equitable Life Assurance Society (Mo. App.), 57 S. W. (2d) 705.] If the relationship of master and servant terminated prior to the death of Thomas Burns, the certificate was not in full force and effect at the time of his death, therefore, no right of recovery was shown to be in the beneficiary named therein, as the very life and essence and foundation of the certificate is the relationship of employer and

employee. Without that relationship existing there is no reason for the existence of the certificate.

The object of the issuance of the certificate by the defendant was to improve the relationship between employer and employee. When Thomas Burns left the work of his employer on February 1, 1930, and never thereafter resumed his work, he necessarily severed the relation of employer and employee as there was no consideration existing to support any reason for the continuance of the certificate of insurance because the relationship of employer and employee had ceased to exist.

It is argued by plaintiff that because there was testimony showing that he was forced to cease to work on account of the permanent and total disabilitities suffered by him while in the employ of the company, that, therefore, the relationship of master and servant was never severed until his death. We are unable to subscribe to that doctrine. It does not appear from the record that Thomas Burns ever conveyed to defendant any reason for quitting work, or why he failed to show up as a laborer. If the relationship of employer and employee existed for eleven months without the employee showing up for work, why could it not exist for eleven years? It is apparent that the work which Thomas Burns had been assigned to do, while he was able to attend and do the work, would, in his absence, have to be done by another employee. Then suppose all of the defendant's four hundred and fifty employees should be stricken with illness at the same time, and none of them show up for work thereafter, would not the defendant then be required to find a new lot of employees to actually keep up its work? Then it might be said to have two sets of employees, an active set, doing the work, and a quiescent, or inactive set, and this could be, under the theory advanced by plaintiff, kept up indefinitely for years, both sets of employees being in a position to keep the benefit certificates alive.

In the instant case, however, it appears that, operating under the ninety days' nonappearance of an employee for work, the rule of the defendant was, that the certificate was automatically cancelled as to an employee being off the payroll for ninety days. But it is urged by plaintiff that, inasmuch as the defendant's answer was a general denial and did not set up its claim of cancellation, that such defense was not available to it. However, the defendant answers this suggestion by claiming that plaintiff brought out this matter in its own testimony, substantially as follows: That James Burns, brother of deceased, testified on behalf of plaintiff that after his brother's death he took the certificate in question to one of the places of business maintained by defendant in the city of St. Louis and presented it to George B. Gilmore, Superintendent; that this was done in an effort

to collect the benefits for his mother on the certificate; that he was informed by Mr. Gilmore that the certificate had been cancelled through a mistake, as he thought, but asked him to return the following day and in the meantime he would take the matter up and give him a definite answer; that on the following day he returned and was told by Gilmore that the certificate had been cancelled and that there was nothing he could do about it.

The defendant's records, offered in evidence, showed that the cancellation was actually made long prior to the death of Thomas Burns. The certificate itself showed that the defendant had the right to cancel it without notice. The plaintiff conceded, in effect, by the form of her petition and by her given instruction, that the burden was upon her to show that Thomas Burns was still an employee of the defendant at the time of his death and that the certificate itself was in full force and effect at said time. In other words, the burden was upon the plaintiff to prove both of these propositions in order to entitle her to recover. Without proof of both, her cause of action never existed. Proof of the death of her son was not alone sufficient to create a cause of action in her favor; but proof of his death, plus proof that the certificate was in full force and effect at the time of such death, were necessary to create a cause of action in her favor. Without such proof no cause of action ever existed. Under a general denial the defendant had the right to introduce any evidence which might tend to show the non-existence of a cause of action.

In Enright v. Schaden (Mo.), 242 S. W. 89, loc. cit. 92, our Supreme Court in banc uses the following language, viz:

"Under the answer of appellant, he had an absolute right to introduce any testimony tending to show that respondent never had a claim against him. Respondent relied on a contract and offered said contract in evidence and, in doing so, called attention only to certain of its provisions. The whole contract being in evidence, appellant had the right to offer any testimony pertaining thereto which would have a tendency to defeat respondent's claim. The rule is that, if a cause of action has never existed, the proper answer is a general denial and any evidence which will show that it never had legal existence is admissible under such denial. [Greenway v. James, 34 Mo. 326; Northrup v. Ins. Co., 47 Mo. 435, 4 Am. Rep. 337; Hudson v. R. R., 101 Mo. 13, 14 S. W. 15; Cushing v. Powell, 130 Mo. App. 576, 109 S. W. 1054.]"

The records of the company offered in evidence showing clearly, distinctly and unequivocally that the certificate sued on had been cancelled long prior to the death of Thomas Burns, show clearly that no cause of action ever existed in favor of plaintiff. It follows therefore that the trial court erred in not giving the instruction requested

by the defendant in the nature of a demurrer to the evidence at the close of the case, and that the judgment of the lower court should be reversed, and it is so ordered. *Becker* and *McCullen, JJ.*, concur.