CITY OF GALLATIN, ex rel. J. S. POAGE, Respondent, v. GEORGE T. NETHERTON, Appellant.

Kansas City Court of Appeals, May 3, 1915.

1. SPECIAL TAX BILLS: Municipal Corporations: Sidewalks. Under Sec. 9663, R. S. 1909, it is not necessary when suing on a special tax bill to plead the contents of such a bill in *haec verba*, but only the substance thereof. It is sufficient for the plaintiff to allege in the first instance that the officers of the municipality, duly authorized so to do, have issued to him the special tax bill on which he sues setting out its provisions and stating that the defendants named therein are the owners of the lots sought to be charged.

2. ———: Res Adjudicata. Where the first tax bill issued was held invalid because of its failure to contain jurisdictional recitals, the petition in that case could not have been amended to state a good cause of action. The second tax bill, though issued on account of the same improvement, was an entirely independent cause of action which did not exist at the time of the former adjudication and, therefore, could not be concluded by it.

Appeal from Daviess Circuit Court.—*Hon. Frank B. Klepper,* Special Judge.

AFFIRMED.

*H. A. Kerr* for appellant.

*Fred Fair* for respondent.

JOHNSON, J.—This action, begun in the circuit court of Daviess county, March 19, 1913, is upon a special tax bill issued by the city of Gallatin, a city of the fourth class, on account of the construction of a granitoid sidewalk in front of defendant's residence in that city. A demurrer to the petition was overruled and defendant answered interposing numerous defenses. The case was tried by a special judge, a jury was waived, judgment was rendered for plaintiff and defendant appealed.

The proceedings for the improvement were initiated by the enactment by the Board of Aldermen on September 5, 1911, of "Special Ordinance Number 21," which required defendant as the owner of the described real estate to construct along the entire west side thereof "within twenty days from the passage and approval of this ordinance, a granitoid sidewalk, which shall be of the dimensions, materials, grade and method of construction in this ordinance hereinafter prescribed." The dimensions and specifications of the proposed sidewalk were clearly and definitely prescribed, provision was made for notice to defendant in accordance with the requirements of the general ordinance, known as Ordinance Number 6, relating to the construction of public sidewalks and further it was provided that if defendant should fail or refuse to build the sidewalk "it is hereby made the duty of the street commissioner to at once make an estimate of the cost of said sidewalk and plans and specifications

therefor and file the same with the city clerk who shall submit the same to the Board of Aldermen and *he* shall then proceed to let the contract for the construction of said sidewalk," etc.

A copy of this ordinance was served on defendant who refused to build the sidewalk, whereupon the board of aldermen, on October 4, 1911, enacted "Special Ordinance Number 25," which amended Special Ordinance Number 21, by substituting "they" for the pronoun "he" (which we have italicized), in order that the duty of letting the contract should be performed by the board of aldermen and not by the street commissioner, and provided in legal form and substance for letting the contract for the sidewalk to the lowest and best bidder, and for the filing by the street commissioner before the opening of bids of an estimate "showing the estimated quantities of grading, filling and of the various materials required for the said sidewalk . . . and an estimate of the cost of said work per cubic yard or per square yard as the case may be."

Pursuant to this ordinance an itemized estimate was filed by the street commissioner with the city clerk, October 5, 1911, which placed the total estimated cost of the sidewalk at $60.80. Bids were advertised for but none was filed and on October 16, 1911, "Special Ordinance Number 28" was passed requiring the street commissioner to build the sidewalk "at a cost that shall not exceed his estimate therefor," and "to keep an accurate account of the cost of the separate items of labor and materials used in the building and construction of said sidewalk" and provided that the board of aldermen "shall pay for the labor and materials and all other costs of said sidewalk out of any funds which they may have on hand available for such purpose" and that "at the completion of said work he (the street commissioner) shall report the cost

thereof to the board of aldermen who shall levy the cost thereof as a special assessment against the tract of land in said Ordinance Number 21 described." The sidewalk was built by the street commissioner, pursuant to these proceedings.

There is evidence introduced by defendant tending to show that the construction failed to conform to the specifications and that the work was done by a firm of contractors at an agreed price but this evidence is contradicted by substantial evidence offered by plaintiff and since the declarations of law given by the court show that all such issues of fact were decided in favor of plaintiff we shall regard them as settled.

The cost of the work was $55, and on November 10, 1911, a special tax bill was issued by the city for that amount against the property of defendant. Suit was brought on that tax bill in the circuit court of Daviess county and was tried at the October, 1912, term without the aid of a jury, resulting in a judgment for defendant. Findings of fact and conclusions of law were made and filed by the court, from which it appears that the tax bill was declared invalid on the sole ground that it did "not show when and from whom the materials used in the construction of said sidewalk were purchased or the number of days' work performed by each workman, or the name of such workman, or the day when he performed such work," and that the provisions of general ordinance number 6 required the tax bill to recite such facts.

After this judgment was rendered the board of aldermen on February 3, 1913, enacted a special "Ordinance Number 37" assessing the cost of the sidewalk as a special tax bill against defendant's property "and directing the issuance of said tax bill in favor of the city of Gallatin at the relation and to the use of J. S. Poage, City Collector and Street Commissioner." On February 10, 1913, the special tax bill now in con-

troversy was issued and is free from the objection on which the first tax bill was declared void.

The sufficiency of the petition to state a cause of action is attacked by counsel for defendant on numerous grounds. None of the objections is well grounded. The pleaded cause of action is founded on the tax bill and under the rules of pleading which obtained in this State in such cases before the enactment in 1909, of section 9663, Revised Statutes 1909, it was not required of a plaintiff to plead the contents of the tax bill *in haec verba* but only the substance thereof. [Joplin v. Hollingshead, 123 Mo. App. 602; City of Carthage v. Badgley, 73 Mo. App. l. c. 125; City v. Lakenan, 129 Mo. App. 180.] "It is sufficient for plaintiff to allege in the first instance that the officers of the municipality duly authorized so to do have issued to him the special tax bill on which he sues setting out its provisions and stating that the defendants named therein are the owners of the lot sought to be charged." [Paving Co. v. Bath Co., 136 Mo. App. l. c. 557, and cases cited.]

The statute to which we referred (Sec. 9663) dispenses with the requirement of pleading the substance of the tax bill in the express provision that "in any suit . . . to enforce the collection of a special tax bill . . . it shall be necessary for the owner thereof to charge in the petition that such amount is due by the defendant to the plaintiff for a certain improvement made by virtue of certain ordinances giveing their title and date of adoption." Nor is there merit in the further contention that the ordinances were not sufficiently pleaded. The statute just quoted requires no further reference to the material ordinances than a statement of their respective titles and dates of adoption and this was a rule of pleading before the enactment of the statute. [Kansas City v. Surety Co., 71 Mo. App. 315.] It was held in that case that "if it was necessary to plead the ordinance it was

City of Gallatin v. Netherton.

sufficient to refer to it by title and day of its passage"
since "the right of action alleged was on the tax bill
and not on the ordinance."

It was not necessary for the petition to refer to
general Ordinance Number 6 which was nothing more
than an express municipal recognition of the statutes
applicable to street improvements in cities of the
fourth class.

The point that the petition alleges that the assess-
ment was made by the board of aldermen "in and by
said special tax bill" and that the statute (Sec. 9656)
required the assessment to be made by ordinance, is
answered by pointing to subsequent allegations which
show beyond question that the assessment was made
in Special Ordinance Number 37 which was enacted
before the issuance of the tax bill.

The defense of *res adjudicata* is not well taken.
The cause of action is the special tax bill. The first
tax bill issued was held invalid because of its failure
to contain jurisdictional recitals and the petition in
that case could not have been amended to state a good
cause of action. The second tax bill, though issued on
account of the same improvement, was an entirely
independent cause of action which did not exist at the
time of the former adjudication and, therefore, could
not be concluded by it. [Prendergast v. Richards, 2
Mo. App. 187.]

The amendment of Special Ordinance Number 21
in Special Ordinance Number 25 by substituting "they"
for "he" which was made before the improvement
was begun and, indeed, before the advertisement for
bids closed the door to the contention now pressed by
defendant that the ordinances were void for attempting
to delegate a legislative duty to a ministerial officer.

A careful examination of the whole record has
convinced us that the case was properly tried. Of the
many points argued by defendant which we have not

specially mentioned in this opinion we will say that they are so plainly without merit that their discussion would serve no useful purpose.

The judgment is affirmed.

All concur.